# Richmond.

## THOMAS B. PRICE V. COMMONWEALTH.

### January 19, 1922.

### Absent, Saunders, J.

1. JUDGES—*Criminal Liability of Judge.*—It is well settled that a judicial officer, when required to exercise his judgment or discretion, is not liable criminally for any error which he commits, provided he acts in good faith. But any judicial officer who acts corruptly is responsible criminally, whether he acts under the law or without the law.

2. JUSTICES OF THE PEACE—*Intoxicating Liquors—Criminal Liability of Justice—Justice Dispensing Liquor—Case at Bar.*—In the instant case, accused, a justice of the peace, was charged with unlawfully dispensing and giving away ardent spirits. It appeared from the evidence that accused had asked several persons in his court room to taste certain liquor and give their opinion as to whether or not it was intoxicating.

   *Held:* That if the accused acted in the premises in the discharge of his duty as a justice of the peace, and in entire good faith, however, mistakenly, he was not criminally liable, notwithstanding section 4621, Code of 1919, providing the method of obtaining an analysis of the liquor.

3. INTOXICATING LIQUORS—*Instructions—Partial View of the Evidence—Justice of the Peace—Dispensing Liquor.*—Upon the trial of accused, a justice of the peace, for dispensing and giving away liquor, instructions, to find the accused guilty, predicated upon but a partial view of the evidence, in that they ignored the uncontroverted testimony of and for the accused to the effect that he acted in his official capacity and entirely in good faith, with the sole purpose of discharging what he conceived to be his duty as a justice of the peace, were erroneous.

4. INTOXICATING LIQUORS—*Instructions—Invasion of Province of Jury.*—Upon a prosecution of a justice of the peace for dispensing and giving away liquors, the trial court gave the following oral instruction: "This appears to be a case of unintentional or inadvertent violation of the prohibition law; and if

you find the defendant guilty, you must not impose a jail sentence, but only a fine."

*Held:* Reversible error, as an invasion of the province of the jury in that it expressed the opinion of the court that the case was one of violation of the prohibition law.

Error to a judgment of the Circuit Court of Brunswick county.

*Reversed.*

The indictment charges that the accused "did unlawfully dispense and give away ardent spirits," naming the date and fixing the venue of the alleged offense.

There is but little, if any, conflict in the testimony in the case, and the material facts, as the jury were warranted in finding them, and the testimony of and for the accused, may be stated as follows:

The accused is a justice of the peace and has held this office since 1911. On the date named in the indictment, the accused issued a search warrant for the premises of one James Robinson, having cause to believe that ardent spirits were there stored contrary to law. The warrant was given to the deputy sheriff to be executed, who organized a posse to accompany him to the premises in question. Some hours later, upon the same day, the officer and the posse returned with several runlets and vessels, supposed to contain ardent spirits which had been found on the premises of James Robinson. The officer and posse entered the office of the accused upon their return, conveying the liquor before the accused, and a considerable crowd of people also at the same time entered the room. Thereupon the accused asked several of the bystanders their opinion as to what the liquor was. One of them smelt it, not tasting it, and expressed the opinion that it was not whiskey, but burnt molasses. The accused asked another person "to go get a glass and try it," telling this person "to pour out some and see what it is." This per-

son poured out nearly a glass full and drank it, and said that "if 'twas whiskey it was the meanest stuff he ever tasted." The accused said to another person: "We have something here, we don't know what it is. Taste it and see." Some one passed to this person a glass and he took "about two fingers" and drank it, and said that it was whiskey. The accused beckoned to another person and made the same statement and request last mentioned of him, adding, "I know you are a good judge of liquor." This person took "a good-size drink of it," and said he thought it was mean corn whiskey. The accused said to another person that he wanted "some good judge of liquor to see whether the stuff was whiskey or not," and asked him to taste it. This person took between a teaspoonful and tablespoonful of it and drank it, and said that it tasted like liquor to him. Another person, named Parrish, who had been a distiller, came into the room, and the accused said: "Here is Dad Parrish. He can tell whether it is whiskey or not." Parrish didn't taste the liquor, but rubbed some of it between his hands and stated that the "stuff" appeared to him to be a "poor grade of corn liquor that is the first run of the still, and did not appear to be fit to drink."

The accused testified that he "always endeavored in such cases to determine whether the liquor in question is ardent spirits before sending the case on to the grand jury, in order to avoid sending on a frivolous case and in order to do the prisoner justice." That "he, therefore, in the case of James Robinson, being uncertain of the character of the liquid, asked two or three persons to taste it and tell him what it was. That opinions varied, but witness (the accused) finally concluded that the liquid was ardent spirits, and sent the case on for trial. That witness (the accused) did not dispense ardent spirits within the meaning of the prohibition law, but was conscientiously trying to ascertain what his duty was in regard to sending the case on for trial."

The former Commonwealth's attorney of the county, a witness for the accused, testified that he had practiced law in the county for over twenty-five years, and that, "in all his experience he had never seen a more faithful or efficient officer than the defendant. * * * (That) when witness was Commonwealth's attorney he always had the full co-operation of the defendant in the enforcement of the penal laws of the Commonwealth. (That) the defendant conscientiously enforces the prohibition as well as all other penal laws in cases brought before him."

The present Commonwealth's attorney (who did not prosecute the instant case, however, because of the accused being a relative of his, a special prosecuting attorney having for that reason been appointed by the court, who prosecuted the case in the court below), was also a witness for the accused, and testified that "no more faithful or conscientious justice could be found" than the accused; "that the defendant always co-operates with the Commonwealth's attorney in the enforcement of all penal laws of the Commonwealth, prohibition laws as well as other laws." That, "as a matter of fact, defendant was considering the case of James Robinson when the alleged violation of law by the defendant occurred, and after ascertaining to his satisfaction that the liquid found at Robinson's home was ardent spirits, sent the case on to the grand jury and the case is now pending in the Circuit Court of Brunswick county." That "witness has always observed that where the evidence warranted doing so, the defendant sends on to the grand jury cases involving violation of the prohibition laws."

Another witness for the accused testified that he had practiced at the bar of the county for a great many years, and that "the defendant is a faithful and conscientious officer and enforces the prohibition, as well as all other penal, laws of the Commonwealth." That "the defendant is a good officer."

Another witness for the accused—the chairman of the board of supervisors for the county and a member of the State Highway Commission—testified to the same effect.

Witnesses for the accused also testified to the effect that there was no disorder in the room on the occasion above referred to.

The trial court, over the objections of the accused, gave the following instructions in writing:

"1. The court instructs the jury that if they believe from the evidence, beyond a reasonable doubt, that the accused gave away, or dispensed, ardent spirits, as charged in the indictment, then they must find the accused guilty.

"2. The court instructs the jury that it is unlawful for any person in this State to dispense or give away ardent spirits in public places, unless licensed to do so by law, and that the office of a justice of the peace during the trial of a case is a public place; and if they believe from the evidence, beyond a reasonable doubt, that the accused dispensed or gave away ardent spirits, as charged in the indictment, then they must find the accused guilty.

"3. The court instructs the jury that if they believe from the evidence that the sole object and purpose of the defendant in asking a person or persons in his office to taste, or drink of, the liquid found in the possession of James Robinson was to enable the defendant, as justice of the peace, to ascertain whether the said liquid was ardent spirits and thus enable him to arrive at a correct conclusion on the question whether the case of the said James Robinson should be sent on to the grand jury, they must find the defendant not guilty. But in ascertaining the object and purpose of the defendant in asking and permitting persons to taste or drink of the liquid in question, they shall consider all the facts and circumstances shown in evidence, including the number of persons who drank and the quantity of liquid permitted to be drunk by them."

And the following oral instruction was given to the jury by the court, of its own motion, to which the accused objected:

"This appears to be a case of unintentional or inadvertent violation of the prohibition law; and if you find the defendant guilty, you must not impose a jail sentence, but cnly a fine, of not less than $50.00 nor more than $500.00."

The jury found the following verdict: "We, the jury, find the defendant guilty and fix his punishment at a fine of $50.00."

The accused, by counsel, moved the court to set aside the verdict as contrary to the law and the evidence. This motion the court overruled and entered judgment in accordance with the verdict, and the accused brings error.

*E. P. Buford* and *Marvin Smithey,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

[1, 2] The questions raised by the assignments of error will be disposed of in their order, as stated below:

1. Was instruction No. 3 erroneous?

We are of opinion that this instruction correctly stated the law as applicable to this case.

As said in 23 Cyc. 574-5: "It is well settled that a judicial officer, when required to exercise his judgment or discretion, is not liable criminally for any error which he commits, provided he acts in good faith. But any judicial of-

ficer who acts corruptly is responsible criminally, whether he acts under the law or without the law."

As said in Bishop's New Cr. Law (8th ed.), sec. 460: "One serving in a judicial or other capacity in which he is required to exercise a judgment of his own, is not punishable for a mere error therein or a mistake of the law. His act, to be cognizable criminally, or even civilly, must be willful and corrupt."

In the opinion of the court, delivered by Judge Brockenbrough in *Jacob's Case* (which was a prosecution of justices of the peace), 2 Leigh (29 Va.), at p. 715, this is said: "It is a well-settled principle that a judicial officer cannot be prosecuted criminally for any judgment rendered by him, however illegal, unless rendered from some motive of malice, partiality or corruption. Much less can such a prosecution be carried on, where the act done is within the plane of his lawful authority, without such corrupt motive."

We do not mean to approve of the method resorted to by the justice in the case before us of having persons drink the liquor in order to testify as to its character. Such a proceeding is too liable to abuse. The statute law prescribes a different method for the ascertainment of such fact where it is necessary. Section 4621 of the Code provides the method of obtaining an analysis of the liquor, and that method should be resorted to where all other available existing evidence leaves the character of the liquor in question in reasonable doubt. Nevertheless, if the accused acted in the premises in the discharge of his duty as a justice of the peace, and in entire good faith, however mistakenly, he was not liable criminally, and the instruction under consideration correctly submitted the ascertainment of those facts to the jury.

[3] 2. Were instructions Nos. 1 and 2 erroneous?

This question must be answered in the affirmative. These instructions are both instructions to find the accused guilty,

and are both predicated upon but a partial view of the evidence. They both ignore the uncontroverted testimony of and for the accused to the effect that he acted in his official capacity and entirely in good faith, with the sole purpose of discharging what he conceived to be his duty as a justice of the peace. Upon well-settled principles, both instructions were erroneous.

[4] 3. Was the concluding oral instruction given to the jury by the court erroneous?

This question also must be answered in the affirmative.

While doubtless intended to apply only in the event that the jury should find the accused guilty of violation of the prohibition law, and in that case would have been a perfectly proper instruction under the statute, it does not clearly say so. As given, it sets out, by expressing the opinion of the trial judge that it appeared to be a case of violation of the prohibition law, albeit one of an unintentional violation of such law. This was such an invasion of the province of the jury as to constitute in itself reversible error.

The case must, therefore, be reversed, and a new trial awarded, to be had, if the case is further prosecuted, in conformity with the views above expressed.

*Reversed.*