# Richmond.

## CHARLES JONES v. COMMONWEALTH.

### January 18, 1923.

1. COURTS—*Criminal Law—Docket—Order in which Cases shall be Tried.*—
The order in which cases on the docket shall be tried rests in
the sound discretion of the court, and section 4967, Code 1919,
specifically authorizes the court to make such special orders in
reference thereto as may seem proper.

2. COURTS—*Criminal Law—Docket—Order in which Cases shall be Tried—
Case at Bar.*—In the instant case, a prosecution for malicious cutting,
counsel for the accused insisted that his case be passed until after
the trial of R., the party whom defendant was accused of assaulting,
on the ground that accused would show that R. brought about the
difficulty, and was the aggressor in the disturbance which resulted
in each of the parties being cut by the other.  The testimony upon
which accused relied to show that R. brought on the difficulty was
admitted as evidence in the trial of the instant case.

   *Held:*  That accused was not prejudiced by the ruling that his case
   should be tried first.

3. WITNESSES—*Cross-Examination—Matters Testified to upon Direct Exami-
nation.*—In the instant case, a prosecution for malicious cutting, the
trial court permitted the Commonwealth's attorney to ask a witness
on cross-examination whether he had not been convicted of striking
one R., the party whom defendant was accused of cutting, "on that
occasion."  The witness had just denied, on direct examination, that
he was one of those who had assaulted R.

   *Held:*  That the court did not err in allowing the question to be asked.

4. APPEAL AND ERROR—*Error in Instructions—Refusal to Grant Instruction—
Record Not Showing What Instructions were Given.*—The party ask-
ing a reversal for refusal to give an instruction must show by the
record that there was no justification for refusing to give it, which
he may do by bringing up all the instructions, or by having the court
certify that the point was not covered by any other instruction.
The court may have refused to give the instruction in question on
the ground that the same was covered by some other instruction
which was given, but which does not appear in the record.

5. HOMICIDE—*Self-Defense—Instructions.*—In a trial for homicide it is
not error to refuse an instruction on self-defense, where there is no

evidence to support it, it not appearing that accused was threatened with any danger.

6.  ASSAULT AND BATTERY—*Malicious Cutting—Evidence Sufficient to Support Verdict—Case at Bar.*—In the instant case accused was convicted of malicious cutting with intent to kill.   The evidence for the Commonwealth was sufficient to sustain the conviction, and while several witnesses for the defense contradicted some of the testimony for the Commonwealth, and testified that accused bore a good reputation, the credibility of the witnesses and the weight of the evidence were questions for the jury, and the Supreme Court of Appeals could not say that the judgment was plainly wrong or without evidence to support it.

Error to a judgment of the Circuit Court of Charles City county.

*Affirmed.*

The opinion states the case.

*Henley, Hall, Hall & Peachy,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

Charles Jones, the accused, was convicted of malicious cutting with intent to kill and sentenced to the penitentiary for one year.   He assigns error.

The first assignment of error is the action of the court in overruling accused's motion to continue his case until after the trial of Warner Richardson.

[1, 2] The accused and Richardson were both indicted under the maiming act, at the February term, 1921, of Charles City circuit court.   The accused was put on trial, which resulted in a hung jury.   At the April term, on account of a defect in the indictment, a new indictment was returned against the accused, and

the case was continued to the June term.   At the June term counsel for the accused insisted that his case be passed, until after the trial of Richardson, on the ground that the case of *Commonwealth* v. *Richardson* preceded it on the docket, and on the ground that the accused could show that Richardson brought about the difficulty and was the aggressor in the disturbance which resulted in each of said parties being cut by the other.

The order in which cases on the docket shall be tried rests in the sound discretion of the court, and section 4967, Code 1919, specifically authorizes the court to make such special orders in reference thereto as may seem proper.   Besides, it appears from the record that the testimony upon which the accused relied to show that Richardson brought on the difficulty was admitted as evidence in the trial of the instant case.   The accused was not prejudiced by the ruling complained of and this assignment is without merit.

[3]  The second assignment relates to the action of the court in permitting the Commonwealth's attorney to ask the witness, Walter Roane, on cross-examination, several questions, among them: "Didn't the jury convict you of striking him (Richardson) on that occasion?"   The witness had just denied, on direct examination, that he was one of those who had Richardson down on the ground beating him, and the court did not err in allowing the question to be asked.

[4]  The third assignment is that the court refused to grant instruction No. 4, covering the law of self-defense, asked for by the accused.

The record shows that the accused tendered four instructions, three of which were granted and the fourth refused by the court.   It does not appear that these were all the instructions given on behalf of the accused, nor what instructions were given on behalf of the Com-

monwealth. It is settled law in this jurisdiction that the record must show in terms, or by clear inference, that the instructions found in the record are all the instructions that were given, for the reason that the court may have refused to give the instruction in question on the ground that the same was covered by some other instruction that was given, but which does not appear in the record.

The party asking a reversal for refusal to give an instruction must show by the record that there was no justification for refusing to give it, which he may do by bringing up all the instructions, or by having the court certify that the point was not covered by any other instruction. *Harris* v. *Commonwealth*, 133 Va. 700, 112 S. E. 753.

[5] Had this assignment been well pleaded, we would hold that the accused was not entitled to the instruction in question, as there was no evidence to support it, it appearing that the accused was not threatened with danger at the time he cut Richardson.

[6] The fourth assignment is the court's refusal to set aside the verdict of the jury as contrary to the law and the evidence and without evidence to support it.

On the night of December 20, 1920, the accused was attending a concert entertainment given by a number of colored people at a hall in Charles City county. One Richard Jones snatched Warner Richardson's brother from the door steps of the hall to the ground. A row ensued in which the accused struck Warner Richardson over the head and said "I am going to kill him." Thereupon the accused and four others attacked Richardson, threw him to the ground and jumped on him. In order to extricate himself Richardson got a small pocket knife from his pocket and cut his assailants until they let him get up. The accused was next to Richardson and received several cuts about his face, neck and stomach.

After his release Richardson got up and ran into the hall, as far from the door as he could get. A few minutes later the accused came in the hall looking for Richardson and attacked him with a razor, giving him a severe cut on the back of his neck, "down to the bone," making a wound over three inches long, which required fourteen stitches to sew it up.

Several witnesses for the defense contradicted some of the testimony of the witnesses for the Commonwealth as to what happened while the row was on, and testified that the accused bore a good reputation for truthfulness and as a law-abiding citizen in the community in which he lived.

The credibility of the witnesses and the weight of the evidence were questions for the jury. We cannot say the judgment was plainly wrong or without evidence to support it.

*Affirmed.*