## Staunton.

## PHILLIPS AND OTHERS v. COMMONWEALTH.

### September 17, 1925.

1. CRIMINAL LAW—*Intoxicating Liquors—Statement of one Defendant not Made in Presence of Co-defendants.*—A father and his sons were jointly indicted and tried for a violation of the prohibition law. Whiskey and an unused still were found on the premises of the father. The father and the sons were arrested, and the father stated to the officers who arrested him, on hearing of the arrest of his sons, that it was not necessary to take all of them where one could take it on himself or one be guilty, or words to that effect. This statement was not made in the presence of the sons.

   *Held:* That the sons were not bound by this statement of the father not made in their presence.

2. INTOXICATING LIQUORS—*Evidence to Support a Verdict of Guilty—Case at Bar.*—In the instant case, plaintiffs in error, a father and his three sons, were found guilty of a violation of the prohibition law. It appeared from the evidence that a quantity of whiskey and an unused still were found on the premises of the father. When the father was told of the arrest of his sons, he said, but not in their presence, that it was unnecessary to arrest them all as one could take it upon himself, or words to that effect. The sons denied all knowledge of the offense charged and testified that, when at home, they worked on their father's farm, but that they were a good deal away from home.

   *Held:* That while the evidence was ample to support the conviction of the father, it was wholly insufficient to sustain a verdict against the sons.

3. INTOXICATING LIQUORS—*Presumption of Guilt of Owner of Premises on which Liquor is Found—Instructions.*—In the instant case, a prosecution for a violation of the prohibition act, the court properly refused to give an instruction that the accused were presumed to be innocent and that the burden was on the Commonwealth to establish their guilt beyond a reasonable doubt, and that if the jury believed that a number of persons had the same opportunity to commit the crime charged, then the burden was on the Commonwealth to prove, beyond a reasonable doubt, which person or persons committed the offense, as the instruction would have tended to confuse and mislead the

jury and it omitted all reference to the statutory presumption of the guilt of an owner on whose premises intoxicating liquor is found.

4. CRIMINAL LAW—*Presumption of Innocence—Instructions.*—Where defendant asks an instruction on the presumption of innocence, it is error for the trial court to refuse it, and this error is not cured by instructing the jury that before they find the accused guilty they must be satisfied of their guilt beyond a reasonable doubt.

5. APPEAL AND ERROR—*Instructions—Record.*—Where accused asked for an instruction which contained a statement that accused was presumed to be innocent, which the court refused, substituting another instruction which contained no reference to the presumption of innocence, to justify a reversal, it must affirmatively appear that no other instruction was given on the subject of the presumption of innocence.

Error to a judgment of the Circuit Court of Wise county.

*Reversed in part.*

The opinion states the case.

*D. F. Kennedy,* for the plaintiffs in error.

*John R. Saunders,* Attorney-General, *Leon M. Bazile* and *Lewis H. Machen,* Assistant Attorney-Generals, for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiffs in error were jointly indicted and tried for a violation of the prohibition law (laws 1918, c. 388). They were found guilty, and sentenced to pay a fine of $50 each, and to confinement in jail for thirty days.

The testimony for the Commonwealth was as follows:

Campbell Colley: "I am a prohibition agent. I, together with some other officers, was making a raid or search for violations of the prohibition law in the

vicinity of Flat Gap, Virginia. We were searching the premises of C. H. Phillips on the upper side of his garden, which was situated across the path from his house and was some seventy-five feet from his house, we found a quantity of whiskey and we destroyed it. We looked inside of the garden, and just inside of the inclosure we found about one gallon and a half more whiskey. We went across on the other side of his house, about one hundred yards from the house, and we found another lot of whiskey which we also destroyed. I think we found in all about one hundred and ten gallons of whiskey. We went up in a corn field and searched and we found an old furnace and still place in the corn field, this was something like one fourth of a mile from C. H. Phillips' house. We could not tell just how long it had been since a distillery had been operated there, but I think it was within three or four weeks time. We found Walter Phillips and Willard Phillips, two of the old man Phillips' boys, cutting up corn in the corn field. We told them what we found and told them we would have to arrest them, and they said it was all right; that they did not know anything about the whiskey, or words to that effect. We went back to the house and found another one of C. H. Phillips' boys clerking in a little grocery store over at the road, a short distance from the house. We told him what we had found and that we would have to arrest him, and he made about the same remark as the other boys. We went to the house and arrested C. H. Phillips, and he said it don't look like it is necessary to take all of us when one could take it on himself or one be guilty, or words to that effect. We noticed a path leading from the public road up to the garden and from the direction of Phillips' house, but the garden had been tended this year and some kind of vegetables in it. The nearest house up

the branch from the corn field was Dave Phillips'. I think Dave Phillips lived a quarter to a half of a mile up the branch from the corn field, and George Phillips lived about a quarter of a mile down the branch from C. H. Phillips. I do not know what other family lived close."

Another witness for the Commonwealth, John Smith, testified to the same facts, except that he did not hear the statement made by C. H. Phillips, who was arrested by another officer. This was all of the evidence offered by the Commonwealth.

The defendants, Henry Phillips, Walter Phillips and Willard Phillips, each testified and denied all knowledge or participation in the offense charged. They also testified that, when at home, they worked on their father's farm, but that they were away from home a good deal at work, "at the mines and other public works." The ages of these three defendants do not appear from the record, but the witnesses for the Commonwealth speak of them as "boys."

[1, 2] These defendants are not bound by the statement of C. H. Phillips as to one assuming responsibility for all, as it does not appear to have been made in the presence of either of them. While the evidence is ample to support the conviction of C. H. Phillips, it is wholly insufficient to sustain the verdict against the defendants, Henry Phillips, Walter Phillips and Willard Phillips, and the same will be set aside as to them.

At the trial, the court was asked by the defendants to instruct the jury as follows:

[3, 4] "The court instructs the jury that the defendants in this case are presumed to be innocent of the charge against them, and that the burden is on the Commonwealth to establish their guilt beyond a reasonable doubt, and that if the jury should believe from

the evidence in this case that a number of persons had the same opportunity to do the act or commit the crime charged, then the burden is on the Commonwealth to prove, to the exclusion of all reasonable doubt, which person or persons committed the offense, and if the Commonwealth has failed to prove, beyond a reasonable doubt, which person or persons committed the offense charged in the indictment against them, then it is the duty of the jury to find all of the defendants not guilty."

But the court refused to give the instruction, and, in lieu thereof, orally instructed the jury as follows:

"The court instructs the jury that if you believe from the evidence, beyond a reasonable doubt, the defendants, or either of them, were or was guilty, you will find them, or him, guilty as charged in the indictment, but if you have reasonable doubt as to the guilt of all of them, or any of them, you will find them, or him, not guilty."

The trial court committed no error in refusing the instruction as offered. It would have tended to confuse and mislead the jury, as it omits all reference to the statutory presumption of the guilt of the owner on whose premises the intoxicating liquor was found. The defendant having asked an instruction on the presumption of innocence, however, the oral instruction, given by the court as a substitute for the written instruction tendered, was fatally defective in failing to instruct on the subject of presumption of innocence.

In *Coffin* v. *United States*, 156 U. S. 432, 15 S. Ct. 394, 39 L. Ed. 481, it was held: "It is error for the trial court to refuse to charge the jury that the law presumes that persons charged with crime are innocent until they are proven by competent evidence to be guilty, and this error is not cured by instructing the

jury that before they could find defendants guilty they must be satisfied of their guilt beyond a reasonable ·doubt."

[5] The record, however, does not show that no other instruction was given on the subject of the presumption of innocence, and we cannot so presume. The absence of such other instruction should, in some way, have affirmatively appeared. *Harris* v. *Commonwealth*, 133 Va. 700, 112 S. E. 753; *Jones* v. *Commonwealth*, 135 Va. 545, 115 S. E. 572; *Parker* v. *Commonwealth*, 135 Va. 625, 115 S. E. 566.

The judgment against C. H. Phillips will be affirmed, but the judgment against Henry Phillips, Willard Phillips and Walter Phillips will be reversed, the verdict against them set aside, and the case as to them remanded to the trial court for a new trial, if the Commonwealth shall be so advised.

*Reversed in part.*