COMMONWEALTH *vs.* JAMES McCLUSKEY.

Bristol. October 27. — 28, 1874. COLT & AMES, JJ., absent.

Under the St. of 1869, *c.* 415, § 39, a person may be convicted who conveys spirituous or intoxicating liquors in this Commonwealth to another, having reasonable cause to believe that the latter intends to sell them to a third person in violation of law, whether the person so conveying the liquors is the owner of them or not.

COMPLAINT on the St. of 1869, *c.* 415, § 39, charging the defendant with the illegal transportation of intoxicating liquors, having reasonable cause to believe that they were intended for sale in violation of the laws of the Commonwealth.

At the trial in the Superior Court, on appeal, before *Putnam*, J., the evidence tended to show that the defendant was in possession of these liquors, and that he was conveying them in a carriage to a liquor saloon kept by one Bliss. The defendant requested the court to instruct the jury that if he was the actual owner of the liquors, and there was no evidence that they had

been previously sold by him, a conviction could not be had undei this complaint charging that he had reasonable cause to believe they were intended to be sold in violation of the laws of the Commonwealth, but that such conveyance could be criminal in such case only when the allegation in the complaint charged an intent to sell the same himself or to have it sold by another. The court refused to instruct the jury as requested, but instructed them that possession was *primâ facie* evidence of ownership; that if the defendant was the owner of the liquors and intended to sell them to Bliss, or to have Bliss sell them for him, he was not liable under this complaint; but whether he was the owner or not, if he conveyed them to Bliss, having reasonable cause to believe that Bliss intended to sell them to some one else in violation of law, he would be liable under this complaint. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. Brown,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

WELLS, J. The jury were rightly instructed that if the defendant conveyed the liquors to Bliss, " having reasonable cause to believe that Bliss intended to sell them to some one else in violation of law, he would be liable under this complaint." The instruction accurately defines one mode by which the offence punishable by the St. of 1869, *c.* 415, § 39, may be committed. If the defendant was owner, and intended himself to make an illegal sale to Bliss, to whom he was conveying the liquors, he was guilty of an offence against the same statute in another mode, not charged in the complaint. But that would not prevent his conviction for violation of the statute in the mode for which he was prosecuted. *Exceptions overruled.*