## Green v. Commonwealth.

(Decided September 26, 1922.)

### Appeal from Laurel Circuit Court.

Intoxicating Liquors—Illegal Transportation—Evidence Sufficient to Take Case to Jury.—In a prosecution for transporting intoxicating liquor in violation of the prohibition law evidence held sufficient to take the case to the jury.

HAZELWOOD & JOHNSON for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, who was convicted of transporting intoxicating liquor in violation of the prohibition law, asks a reversal on the ground that the evidence was insufficient to take the case to the jury.

According to the evidence for the Commonwealth, appellant and four or five others got into appellant's car at the Sandusky hotel in East Bernstadt on the evening of August 6, 1921, for the purpose of going to London to hear the election returns. The car was driven by appellant's son. In the car was a quart jar of whiskey which was passed around and several of the parties, including appellant, took a drink. After this the jar, which still contained whiskey, was carried to London. Who owned the whiskey, or who put it in the car, or what became of it after the parties reached London, does not appear. On the other hand, appellant testified that he took one drink from the jar and then placed the jar in the bottom of the car. After that he did not see the whiskey any more, and did not know what became of it. He further testified that he did not own the whiskey or put it in the car and did not know who put it there or to whom it belonged. He admitted that he was the owner of the car.

In support of the position that appellant was entitled to a peremptory instruction it is argued that appellant's son was in control of the car, that appellant's status was the same as that of the others in the car, and was merely that of a passenger, and as he did not own the whiskey, or put it in the car, he was not responsible for what the others did, and was not guilty of transporting the whis-

key. Clearly this position is not tenable. Appellant was not a mere passenger. He owned and controlled the car. After he drank from the jar he placed it in the bottom of the car, and it was then carried to London. In other words, the whiskey was transported by appellant in his car after he knew of its presence in the car, and that being true, the fact that appellant did not own the whiskey or put it in the car, or did not know how it came to be in the car, is wholly immaterial. There can be no doubt, therefore, that the evidence was sufficient to take the case to the jury.

Judgment affirmed.