### LOUIS SZYMANSKI v. THE STATE.

#### No. 7370.   Decided February 7, 1923.

**1.—Transporting Intoxicating Liquor—Precedent.**

Where, upon trial of transporting intoxicating liquor, the appellant raised a number of questions which had been settled by a number of recent decisions by this Court, the same will not be considered.

**2.—Same—Sufficiency of the Evidence—Pecuniary Interests.**

It is not indispensable to a conviction that the transporter of whisky have any pecuniary interests in it, or that he exercises any claim of ownership, or that he have the custody thereof. If there was testimony to show that appellant knew there was whisky in the car which he was driving, he would be violating the law, and the evidence showing such a condition, the conviction is sustained.

**2.—Rehearing—Opinion of Witnesses—Intoxicating Liquor.**

The state's witnesses having qualified themselves as to their knowledge and experience, and having examined, smelled and tasted the liquor in question could testify that it was intoxicating.

**3.—Knowledge of Defendant.**

Where it was shown by the evidence that the defendant had unquestioned knowledge of the fact that the passenger in his car was transporting intoxicating liquor, he could not plead that he was merely the driver of the car, and that another person therein, had the care, control and custody of such liquor.

Appeal from the District Court of Brazos. Tried below before the Honorable W. C. Davis.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Buffington & Leigh, Henderson* and *Ranson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Brazos County of transporting intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of one year.

Appellant raises a number of questions in various ways in the record, each complaint in which has been carefully examined, but all of the legal questions raised have been settled by decisions of this court on exactly similar questions, adversely to the contentions made by appellant and no good purpose will be served by any discussion of them in this opinion.

Appellant complains that the testimony is insufficient to support the verdict. It is shown by testimony that on the date alleged in the indictment appellant and a man named Prescott and a couple of negroes came by the home of a witness who lived about four miles from College Station in Brazos county. They had some car trouble. The witness near whose home said party came went down to the scene and rendered some assistance, and Prescott tried to induce him to drink some whisky, which he said they had there in the car, and told him that if he wanted it he was as welcome to it as the flowers in May. Quite a bit of conversation in regard to the whisky was testified to by this witness. The conversation was had in the presence of appellant. After fixing up the car the party drove on, appellant driving. The witness then telephoned to the sheriff and the officer went out and searched the car in question and found in it a half gallon jug of whisky and a half gallon jar of whisky. The jug was in a sack between the seats and the jar was under the back seat. Appellant's defense was that he was requested by Prescott to drive him in said car on the day in question. He disclaimed any connection with the whisky. We do not think it indispensable to a conviction that the transporter of whisky have any pecuniary interest in it, or that he exercise any claim of ownership, or that he have the custody thereof. If it be conceded that there was no testimony to show that appellant knew there was whisky in the car which he was driving, until the conversation had with the witness first above mentioned, still there could be no seeming claim that he did not know after that that he was driving a car in which there was whisky. The trial court submitted the issue fairly to the jury, instructing them upon the law of principals and telling them that unless they believed beyond a reasonable doubt that the appellant either alone or acting with Pres-

cott transported the liquor in question, he should be found not guilty.

We are unable to agree with appellant's contention that the evidence is not sufficient to support the verdict, and an affirmance is ordered.

*Affirmed.*

### ON REHEARING

### March 14, 1923.

LATTIMORE, JUDGE.—Appellant asks a rehearing asserting that the testimony was not sufficient to show that the liquor claimed to have been transported by him, was intoxicating. He insists that the witnesses can not taste liquor and then give testimony of sufficient incriminating force, to the intoxicating quality thereof. Referring to the statement of facts we observe that Mr. Covey testified that he had had experience in drinking and using intoxicating liquor. We quote from his testimony:

"From my experience in drinking and using intoxicating liquor and observing the effects of it upon other people, I think I am able to examine liquor by smelling it and tasting it and determine whether it is intoxicating."

Upon redirect examination, after being questioned by appellant's counsel as to his ability to determine from examination the intoxicating quality of liquor, this witness testified as follows:

"I have seen a little better grades of corn whisky, but judging from the taste and smell it is like all the rest of it that I ever saw and tastes like it. From my experience in handling and drinking and observing the influence of intoxicating liquor, in my opinion, the contents of that jug would be intoxicating beyond a doubt."

Being again cross-examined this witness stated:

"I can tell it would be intoxicating because I have had enough of it to know that a glassful would make me feel it right quick."

Another witness for the State testified that he had had experience in handling and using intoxicating liquors; that he sold it for twenty-five years and had felt the effects from drinking it and had observed the influence of it upon others. This witness said that he could taste liquor and tell whether or not it would make him drunk. We take the following from the testimony of said witness:

"(Witness requested to taste fluid) After having examined this and tasting it, in my opinion, from my experience in drinking intoxicating liquors, the contents of that bottle is capable of producing intoxication; it hasn't hardly had time to have any effect yet, but it tastes like it. In my judgment a reasonable amount of it would make me drunk. That would be my judgment, the way it tastes and the effect it produces on my throat. . . . My judgment is now, based upon tasting and the effects on my throat, it would produce intoxication; a sufficient amount of this would make a man drunk. I generally carried corn whisky for a certain class of trade but I did not drink that kind myself."

We have reproduced this much of the testimony to make it clear that the State's witnesses having qualified as to their knowledge and experience, and having examined, smelled and tasted the liquor in question, said that it was intoxicating. This court would be very loath to say that a jury would not be justified in accepting and acting upon such testimony.

Appellant is not satisfied with our declaration that it is not indispensable to a conviction for transportation of intoxicating liquor that the transporter have a pecuniary interest in it, or that he exercise any claim of ownership. If the hired servant or employe or another could transport liquo and be held guiltless, the law against transportation would be wholly ineffectual. If one could drive a car through the country or in any other manner, or by any other means carry with him friends, strangers or persons in whom he had no interest, knowing them to be transporting intoxicating liquor, and be not held guilty, our law forbidding the tansportation of such liquor would be of no avail. It seems but reasonable to conclude that if one in good faith permitted another to ride with him, such other person having in his possession or upon his person intoxicating liquor without the knowledge of the driver of the car, there might be a question raised as to the sufficiency of the testimony to support conviction, but where one with unquestioned knowledge of the fact that a passenger in his car or one who is riding therein is transporting intoxicating liquor, we do not believe such person can escape by pleading that he was merely the driver of the car and that another person therein had the care, control and custody of such liquor.

We have been unable to agree with appellant in either contention, and the motion for rehearing is overruled.

*Overruled.*

[Rehearing denied March 14, 1923. Reporter.]