## Scott v. Commonwealth.

(Decided April 20, 1923.)

## Appeal from Trimble Circuit Court.

1. Criminal Law—Affidavit for Continuance Held not to Excuse Failure to Issue Process for Witness.—An affidavit for continuance on account of the absence of a witness for whom it was admitted no process had been obtained, which sought to excuse the failure to issue process because defendant was unable to procure his leading counsel and consult with him until the day before the case was set for trial, was insufficient, where that counsel did not participate in the trial of accused before the county judge, at which he was defended by other counsel, and it did not appear he was deprived of an opportunity to consult with the latter in preparing his case in the circuit court.

2. Criminal Law—Diligence to Discover What Witness Knew Before Trial Held not Shown.—Newly discovered evidence, consisting of testimony by a witness who was seen by defendant at the time and place the alleged offense was committed, so that the very slightest diligence could have discovered the facts known by that witness, does not require a new trial.

3. Criminal Law—Intoxicating Liquors—Knowingly Transporting Liquor of Another is an Offense—Newly Discovered Evidence Held not Necessarily Inconsistent With Guilt.—It is an offense knowingly to transport whiskey which was in the corporeal possession of another, whether it belonged to the transporter or to some one else, so that newly discovered evidence that defendant's companion declared the whiskey belonged to him was not necessarily inconsistent with defendant's guilt of transporting it.

4. Criminal Law—Conviction of Misdemeanor not Reversed, Where Record is Conclusive as to Guilt.—Under Criminal Code of Practice, section 353, authorizing reversal of a conviction for misdemeanor only when, on a consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby, a conviction for unlawful transportation of intoxicating liquor will not be reversed, where the record as a whole is most conclusive that defendant was guilty, and such conclusion was fully justified from the testimony of defendant himself.

CHAS. H. SANFORD and EUGENE MOSELY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant, Scott, was tried by the county judge of Trimble county under a warrant charging him with the

offense of unlawfully transporting intoxicating liquors which the warrant alleged occurred in December, 1922, and he was convicted. He appealed to the circuit court of the county and on his trial in that court he was again convicted and the jury therein doubled his punishment over that given in the trial held by the county judge. His motion for a new trial was overruled and he appeals insisting through his counsel upon a number of alleged errors, but none of which we regard as of sufficient materialty to merit discussion except those considered below.

The evidence for the Commonwealth established that on December 22, 1922, defendant and Walter B. Simpson, were traveling one of the roads of Trimble county in a buggy drawn by a horse both of which were owned by defendant, and they stopped near a barn in front of the residence of William Devine. Defendant requested of the latter the privilege of permitting Simpson to lie down at some place in the barn until he became sober and the two put him in a feed trough where he remained but a short time when he got up and went to the dwelling house of Mr. Devine where he told Mrs. Devine that he was cold and wanted to warm. In the mean time, she had discovered the buggy and the condition of Simpson and upon going out to the buggy she discovered two jugs of whiskey therein with a third one in the barn, which had been taken out before her arrival. Her husband testified to substantially the same, and some of the Commonwealth's witnesses, who were present at some stage of their visit, said that defendant stated at the time that "he didn't bring it (the whiskey) there for Dad (Mr. Devine), that he was taking it to Campbellsburg for another fellow." Mrs. Devine, after convincing herself that her husband was partaking of the whiskey and after realizing the situation, went to the county seat and swore out the warrant under which defendant was arrested. Defendant and Simpson remained at the Devine residence over night and some time the next morning the sheriff appeared with the warrant, but when he approached the house defendant procured the jugs and broke them. In the mean time Simpson had left and when the sheriff came up defendant, according to the former's testimony, said "I am into it this time," and he also said to that witness that he did not own the horse but had gotten it over at the residence of Simpson. A number of other circumstances and admissions by defendant are proven, strongly indicating

his guilt, but which we deem it unnecessary to recite in this opinion.

Defendant testified that Simpson approached him to borrow his horse and buggy for the purpose of going to Campbellsburg to buy an overcoat and that he (defendant) agreed to go along with Simpson as far as Campbellsburg and to there take the train for Louisville pursuant to a business mission; that they remained at Bedford, the county seat of the county, an hour or more and soon after leaving that place on their way to Campbellsburg and before they arrived at the Devine residence, he discovered that something was the matter with Simpson who, according to his testimony, acted in a more or less crazy manner, and to restore him and to avoid traveling with him in that condition he stopped at Devine's as hereinbefore recited, and for the first time discovered that the buggy contained the two or three jugs of whiskey, and that what he did and said after that was for the purpose of protecting his friend Simpson and not because *he* was guilty of any offense.

An affidavit for continuance was filed in the circuit court based upon the absence of Simpson who, if present, according to the affidavit, would testify that he not only owned the whiskey but put it in the buggy without the knowledge or consent of defendant; and that the transporting of it was by Simpson and not by defendant. The affidavit not only failed to show that any process to compel the attendance of Simpson was procured but it expressly stated that none was obtained, and sought to excuse the failure to do so because defendant was unable to procure his leading counsel and to consult with him until the day before the case was set for trial, although that counsel did not participate in his trial before the county judge at which he was defended by other counsel; and it does not appear that he was deprived of an opportunity to consult with the latter in preparing his case in the circuit court. If the affidavit was otherwise sufficient to authorize either a continuance or to force the Commonwealth's attorney to admit is as the evidence of the absent witness, under the rule, as announced by an unbroken line of opinions of this court, defendant was not entitled to either a continuance or the benefit of that testimony in the absence of due diligence to procure the attendance of the witness and for that reason this contention can not be considered.

One of the grounds for a new trial was that of newly discovered evidence, which consisted, in the main, of admissions by Simpson to the discovered witnesses that he was the owner of the whiskey and from which the inference was sought to be drawn that he was the only one transporting it. By far the most material absent witness was one Skidmore, who would testify according to his and defendant's affidavits that he met Simpson early on that morning going away from the Devine residence and that he then stated to the witness "that he had some whiskey up there, and that they had taken it away from him; that the whiskey was his and he was going to get away," and that he kept on going "very fast." After the witness met Simpson and after having the alleged conversation with him, he went direct to the Devine residence and was there before the Sheriff arrived and his presence was seen and known by defendant at that time. Surely, the very slightest diligence would have discovered the facts known by that witness, but it is not pretended by defendant that he made any effort to interview the witness or to discover what, if anything, he knew. If, however, it were otherwise the testimony is not at all inconsistent with the defendant's guilt, since it consists in knowingly transporting whiskey not concealed and in the corporeal possession of another whether it belonged to the transporter or some one else. Green v. Commonwealth, 195 Ky. 698.

If, therefore, all of the alleged newly discovered evidence relating to the admission of, and facts to which Simpson would testify was of such a nature as to deserve consideration on a motion of this kind we could attach but little, if any, weight to it, since it might be literally true and yet defendant be guilty of the offense with which he was charged. However, the facts and circumstances, with the proven admissions of defendant, are such as to leave but little doubt as to the defendant's guilt; and the refusal of the court to grant a new trial upon this ground can not be said to prejudice his substantial rights.

Another ground for the new trial was actual bias by one of the jury who sat in the case, and affidavits of sworn witnesses were filed to show that the juror had expressed an unfavorable opinion against defendant before he was accepted on the jury. The court heard testimony relating to that ground and it was transcribed by the stenographer and made a part of the record, and without reciting it we deem it sufficient only to say that it quite

conclusively proved that no such bias existed. If, however, the evidence was less conclusive upon that point, the court heard it and determined the issue against defendant's contention, and to say the least of it the testimony abundantly supported the court's finding. The record, as a whole, is most conclusive to an unprejudicial and unbiased mind that defendant was quilty of the transportation with which he was charged, and the jury could scarcely arrive at any other conclusion even with the alleged newly discovered testimony before it. Such conclusion is fully justified according to our view from the testimony of defendant himself.

Section 353 of the Criminal Code of Practice, relating to the reversal of judgments by this court of convictions in misdemeanor cases, only authorizes this court to reverse them when "upon a consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby." Under the authority therein conferred upon us, we are far from "satisfied that the substantial rights of the defendant have been prejudiced" by the alleged errors relied on, and the judgment is therefore affirmed.