PEOPLE v. NINEHOUSE.

1. CRIMINAL LAW—ILLEGAL SEIZURE—MOTION TO EXCLUDE EVIDENCE
ON GROUND OF ILLEGAL SEIZURE MADE AFTER TRIAL BEGINS TOO
LATE.

In a prosecution for violation of the prohibition law,
where no motion to suppress two bottles of whisky as
evidence on the ground of illegal seizure was made before
the trial, a motion to exclude them, made after they had
been introduced in evidence without objection, came too
late, if they belonged to defendant, and if he claimed
they did not belong to him he had no right to have them
excluded, in view of the testimony of a witness that they
were his.

2. INDICTMENT AND INFORMATION—ELECTION OF COUNTS NOT RE-
QUIRED WHERE EVIDENCE SAME.

Where the information was in one count charging two
offenses, and both were committed by the same acts, at
the same time, and the evidence of one was the evidence
of the other, the trial court properly refused to require
the prosecutor to elect upon which charge he would go
to the jury, since under the circumstances no election
may be required.

3. INTOXICATING LIQUORS—ILLEGAL TRANSPORTATION.

One may be guilty of transporting intoxicating liquors
without having any pecuniary interest in its movement
or any claim of ownership thereto or custody thereof.

4. SAME.

Where defendant, with knowledge that a passenger in his
taxicab was in possession of intoxicating liquors, went on
with the carriage thereof, he was guilty of unlawful trans-
portation of same.

5. SAME—UNLAWFUL POSSESSION—UNLAWFUL TRANSPORTATION.

The charge of unlawfully having possession of intox-
icating liquor may stand apart from the act of transport-
ing.

6. SAME—DRINKING FROM BOTTLE NOT POSSESSION.

Where the statute does not make it a felony to take a drink of intoxicating liquor, one who accepts a drink of whisky from a bottle and has possession of the bottle only long enough to accomplish such purpose, when he hands it back to the owner, is not guilty of unlawful possession of intoxicating liquors.

7. CRIMINAL LAW—EXCEPTIONS BEFORE SENTENCE—NEW TRIAL.

Where the Supreme Court, on reviewing defendant's conviction of unlawful possession and unlawful transportation of intoxicating liquors on exceptions before sentence, holds that by his own admission he is guilty of illegal transportation, but is not guilty of illegal possession, a new trial is not warranted, but the trial court is advised to proceed to sentence for illegal transportation; there being no miscarriage of justice.

Exceptions before judgment from Muskegon; Vanderwerp (John), J.     Submitted April 18, 1924. (Docket No. 130.)     Decided June 2, 1924.

Henry Ninehouse was convicted of illegal possession and illegal transportation of intoxicating liquors. Conviction of illegal possession set aside but conviction of illegal transportation affirmed and trial court advised to proceed to judgment.

*F. E. Wetmore,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Harry W. Jackson,* Prosecuting Attorney, and *R. Glen Dunn,* Assistant Prosecuting Attorney, for the people.

WIEST, J.    Defendant was convicted of unlawfully transporting and having in his possession one pint of whisky and prosecutes review on exceptions before sentence.    Defendant owned and operated a taxicab in the city of Muskegon and the night of June 21, 1923, responded to a call for taxicab service, carried a man and a woman to where the man wanted to go, and when the man got out, the woman paid defend-

227—Mich.—31.

ant $5 to take her for a ride in the country. While on the ride he claims she produced a bottle of "moonshine whisky," invited him to have a drink and, he being willing, she passed the bottle and he took a drink and handed the bottle back. During the course of the ride he took several drinks, each time returning the bottle to the woman. On the way back to the city defendant's erratic driving attracted the attention of the sheriff, who happened to be out that way, and he was stopped, taken from his car, and two bottles containing "moonshine whisky" were found on the seat of the taxicab. Upon defendant's version of the June night ride, with its accompanying "moonshine," the trial judge instructed the jury that defendant was guilty of unlawfully transporting and having whisky in his possession, and the jury, after retiring to consider their verdict, found defendant guilty as charged.

The information was in one count charging the two offenses, and both were provable, if at all, by the same evidence. The woman in the case testified that defendant produced the whisky and asked her to have a drink, and she had not been drinking that afternoon because she didn't know where to get liquor as "all the ones who had been furnishing me had been pinched." Under the charge of the court the testimony of the woman is of importance only as it bears upon a motion made by defendant at the close of the evidence introduced by the prosecution.

The two bottles of whisky were introduced in evidence without objection, but later a motion was made to exclude them, on the ground of illegal seizure by the officer. No motion before trial had been made to suppress such evidence. Counsel for defendant stated at the trial:

"Now I might say to the court that it is true that no motion was made to suppress this evidence in advance. This respondent couldn't make that motion, because it doesn't belong to him."

The motion was denied.    If the whisky belonged to defendant the motion came too late.    *People* v. *Miller*, 217 Mich. 635., We have repeatedly so held. If defendant disclaimed ownership of the whisky, then he had no right to have the evidence excluded, in view of the testimony of the woman that it was his whisky.

At the close of the proofs counsel for defendant asked the court to require the prosecutor to elect upon which charge he would go to the jury.    This the court refused.    The ruling was sound in point of law. Where two distinct offenses are committed by the same acts, at the same time, and the evidence of one is the evidence of the other, no separation by election need be made.    *People* v. *Grabiec*, 210 Mich. 559.    The trial judge having directed the jury that defendant was guilty under his own testimony, we must limit our review to the same compass.

Was defendant guilty of unlawfully transporting whisky?    Yes.    Was he guilty of unlawfully having whisky in his possession?    No.    The prohibition law, Act No. 338, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 7079 *et seq.*), provides:

"It shall be unlawful for any person * * * to transport, or have in possession" any intoxicating liquor.

In construing the scope of the term transportation, as employed in the 18th Amendment, the Supreme Court of the United States, in *Cunard S. S. Co.* v. *Mellon*, 262 U. S. 100, 121 (43 Sup. Ct. 504), stated:

"Some of the contentions ascribe a technical meaning to the words 'transportation' and 'importation.' We think they are to be taken in their ordinary sense, for it better comports with the object to be attained. In that sense transportation comprehends any real carrying about or from one place to another.    It is not essential that the carrying be for hire, nor by one for another; nor that it be incidental to a transfer of the possession or title.    If one carries in his own conveyance for his own purposes it is transportation

no less than when a public carrier at the instance of a consignor carries and delivers to a consignee for a stipulated charge."

One may be guilty of transporting intoxicating liquor without having any pecuniary interest in its movement, or any claim of ownership thereto or custody thereof.

As was stated in *Szymanski* v. *State*, 93 Tex. Crim. App. 631 (248 S. W. 380):

"Where one has unquestioned knowledge of the fact that a passenger in his car or one who is riding therein is transporting intoxicating liquor, we do not believe such person can escape by pleading that he was merely the driver of the car and that another person therein had the care, control, and custody of such liquor."

In *Green* v. *Commonwealth*, 195 Ky. 698 (243 S. W. 917), it was held, quoting from syllabus:

"Where one owning and controlling an automobile driven by his son, in which he and others were riding, after taking a drink from a jar of whisky, placed it in the bottom of the car, where it was then carried, he was guilty of transporting it, though he did not own it, or put it in the car, or know how it came to be in the car."

See, also, *Scott* v. *Commonwealth*, 198 Ky. 714 (250 S. W. 120).

Defendant knew he was carrying intoxicating liquor in his car; with such knowledge he went on with the carriage thereof and was guilty of unlawful transportation of such liquor. We have pointed out that one may be guilty of unlawfully transporting intoxicating liquor without having the custody thereof, and it follows that the charge of unlawfully having possession of intoxicating liquor may stand apart from the act of transporting.

In taking and drinking from and returning the bottle, was defendant guilty of unlawful possession while the bottle was in his hand and he was pouring the stuff down his gullet? We must answer, No.

The question is not new and is well answered in *Brazeale* v. *State* (Miss.), 97 South. 525, from which we quote:

"When arrested, the appellant was in the act of taking a drink of whisky from a bottle. According to his version of the matter, the liquor was the property of another, who had just handed it to him, so that he might take a drink thereof.

"The court charged the jury, at the request of the State, to find the defendant guilty if they believed from the evidence beyond a reasonable doubt that he—

" 'did willfully and unlawfully take into his hands and thereby have in his possession a bottle containing liquor, commonly called "white lightning whisky," for the purpose of taking a drink thereof.'

"The question raised by this instruction, in the last analysis, is simply this: Is it a crime to take a drink of intoxicating liquor? The statute does not so provide, as could have been very easily done, had the legislature so desired; its language being:

" 'It shall be unlawful for any person * * * to have, control or possess' intoxicating liquor. * * *

"The possession contemplated by the statute is of a more substantial character than that which is for the purpose of and to the extent only that is necessary for taking a drink."

The same question was up in *State* v. *Munson,* 111 Kan. 318 (206 Pac. 749), the court there stating:

"In this instance, possession may not be attributed to the defendant, because an essential element of possession is lacking. The person having custody simply handed the liquor to defendant to take a drink. The liquor was accepted for that purpose only. The quantity appropriated, if any, was consumed by the act of appropriation, and the remainder, if any, was not held under any continuing claim to exclusive use."

Our statute does not make it a felony to take a drink of intoxicating liquor; if it did, one in taking a drink would not be charged with having possession

of intoxicating liquor; if not to be so charged in case of such a statute, one taking a drink cannot be so charged in the absence of such a statute. Defendant's conviction on the charge of unlawfully transporting intoxicating liquor must be and is affirmed. Our holding that he is not guilty of unlawfully having possession of intoxicating liquor does not warrant the granting of a new trial. There has been no miscarriage of justice. While he has succeeded in shedding himself of one charge, he has accomplished nothing, for the other charge is fast fixed upon him.

Under the conviction but a single sentence can be imposed, and will be for unlawfully transporting intoxicating liquor, and the circuit court, so advised, is to proceed to judgment.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.