## LOOMIS v. UNITED STATES.
### No. 6726.

Circuit Court of Appeals, Ninth Circuit.
Nov. 21, 1932.

654

W. M. Whitney, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Cameron Sherwood, Asst. U. S. Atty., both of Seattle, Wash.

Before WILBUR and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

Appellant was indicted with one Tardy, alias Walker, for possessing and transporting intoxicating liquor contrary to the provisions of the National Prohibition Act (title 2, § 3 [27 USCA § 12]). The indictment contained four counts. Count I charged appellant and his codefendant with possession of intoxicating liquor on a named date, and count III charged them with transporting the same liquor. Count IV charged appellant with a prior conviction of transportation of intoxicating liquor, and the remaining count charged the codefendant Tardy with a prior conviction of possessing intoxicating liquor. Tardy pleaded guilty as charged. Appellant was tried before a jury, convicted as charged, and sentenced to pay a fine of $500 on count I and serve three months in prison on counts III and IV; followed by this appeal.

The facts are substantially as follows: About midnight, July 3, 1931, prohibition agents called a certain telephone number in the city of Seattle and requested a delivery to the Westport Apartments of two quarts of gin and two pints of whisky. About half an hour thereafter the liquor was delivered by appellant's codefendant Tardy to the apartment specified by the agents. The testimony on behalf of appellant is to the effect that, about 11 o'clock on the night in question, appellant and his wife and one Moore were in appellant's apartment; that they decided to go out and get something to eat; that they first stopped at Tardy's apartment and asked him and his wife and baby to accompany them; that Tardy agreed to do so, but his wife could not; that while at Tardy's apartment the doorbell rang and Tardy answered it; that when he (Tardy) returned he said he would have to "go down on Roy Street and see a friend," and that he then went out and said he would meet the others downstairs in a few minutes; that Tardy agreed to eat with the others, if they would first drop him off at Roy street; that the others went out to appellant's automobile, which was parked in front of Tardy's apartment, and Tardy joined them there; that they entered the automobile and, at Tardy's request, drove to the Westport Apartments, where Tardy got out, handing, as he departed, a half bottle of gin to Moore. Tardy delivered the liquor in question to the Westport Apartments and was there arrested by the agents who had ordered it. Meantime, other of the agents arrested appellant, who was still in the automobile, and seized the half bottle of gin. Appellant had turned his automobile around at the corner and returned to await Tardy. One of the agents testified that appellant remarked at that time: "You have one man, there is no use taking everybody." And again: "Why don't you let me go, you have one of my men, there is no use taking us all." This conversation appellant denied.

Tardy testified that he was working for a man named Dolan, making liquor deliveries, and that it was Dolan who rang the bell of his apartment, while appellant was there, and requested him to make the delivery to the Westport Apartments. Tardy testified that he went out and got the liquor from a certain cache; that it was concealed on his person; and that appellant did not know he had it on him.

■■ The only assignment of error we need discuss, in view of our conclusion thereon, challenges the correctness of the following portion of the court's instruction to the jury: "You must find him guilty on all counts, or not guilty on all counts. If he is guilty of transportation, he is guilty of possession." To which counsel for appellant objected as follows: "Mr. Whitney. I except to the last instruction."

The portion of the charge which instructed the jury to find appellant guilty of trans-

portation, if guilty of possession, amounted to a statement that the one offense is included in the other. In Earl v. United States, 4 F.(2d) 532, 533, this court held that transportation and possession of intoxicating liquor are separate offenses, and upheld a sentence imposing a fine on each count, saying: "We find no merit in the contention that the charge of possession is included in the charge of transportation, or that the plaintiffs in error could not be held to answer for both. The evidence to prove possession would not be sufficient to sustain the charge of transportation. Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489. Possession and transportation of intoxicating liquors are distinct offenses, and the law penalizes both. Bell v. United States (C. C. A.) 285 F. 145; Massey v. United States (C. C. A.) 281 F. 293, 295; Singer v. United States (C. C. A.) 288 F. 695."

The Earl Case is strengthened to some extent by the case of Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 253, 71 L. Ed. 505, although the latter involved possession and sale, rather than possession and transportation. However, the language of the Supreme Court in the Albrecht Case seems equally applicable to a case involving transportation and possession. The court there said: "The contention is that there was double punishment because the liquor which the defendants were convicted for having sold is the same that they were convicted for having possessed. But possessing and selling are distinct offenses. One may obviously possess without selling, and one may sell and cause to be delivered a thing of which he has never had possession, or one may have possession and later sell, as appears to have been done in this case. The fact that the person sells the liquor which he possessed does not render the possession and the sale necessarily a single offense. There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction."

If, as said by the Supreme Court in the Albrecht Case, "one may sell and cause to be delivered a thing of which he has never had possession," likewise one may transport liquor, or cause it to be transported, without having possession thereof.

"To sustain a conviction for unlawful transportation, it is not necessary that defendant be the owner of the liquor, that he have any pecuniary interest in it, [or] that he have the custody thereof. * * *" 33 Corpus Juris 583 (citing Scott v. Com., 198 Ky. 714, 250 S. W. 120; Com. v. McCluskey, 116 Mass. 64; Szymanski v. State, 93 Tex. Cr. R. 631, 248 S. W. 380).

Under the rule announced by this court in the Earl Case, and under the law as stated by the Supreme Court in the Albrecht Case, the instruction complained of was erroneous, because it amounted to a charge that the one offense is included in the other, while, as just seen, transportation and possession of the same liquor are distinct and separate offenses. Husty v. U. S., 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629.

The error was clearly prejudicial, because, under the facts as disclosed by the record, the jury might well have returned a verdict of guilty on the transportation count and not guilty of possession; and it is impossible to say what the result would have been if the instruction complained of had not been given.

Moreover, it was beyond the power of the court to direct a verdict of guilty on one count, if found guilty on the other. As said by the court in Cain v. United States (C. C. A. 8) 19 F.(2d) 472, 475: "We think the contention of defendant is well taken, that the court erred in saying to the jury in the course of his charge, 'If you find him guilty in one charge, you must find him guilty in both.' This was a peremptory charge to find defendant guilty on one of the counts—it is of course, impossible to say on which one—and was therefore error. Nothing is more fundamental or better settled than that a trial court may not instruct a jury to convict one on trial for a crime, however clear may be the evidence of guilt."

See, also, Sparf & Hansen v. United States, 156 U. S. 51, 105, 106, 715, 15 S. Ct. 273, 39 L. Ed. 343; United States v. Taylor (C. C.) 11 F. 470; Atchison, T. & S. F. R. Co. v. United States (C. C. A.) 172 F. 194, 27 L. R. A. (N. S.) 756.

In the Cain Case, the instruction complained of required the jury to find the defendant guilty of selling morphine if guilty of sending it through the mail; any other verdict would have been contradictory. Under the facts of the case at bar, an acquittal on one count and conviction on the other would not have been contradictory or unwarranted; and such might have been the result if the instruction complained of had not been given.

We cannot say, as contended by the government, that the error was cured by the fact that the sentence imposed does not exceed that which might lawfully have been imposed on either count.

Reversed.