[No. 17056. Department One. November 14, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v.
T. E. FISHBACK, *Appellant.*[1]

INTOXICATING LIQUORS (30, 50) — UNLAWFUL POSSESSION — BOOT-
LEGGING—EVIDENCE—SUFFICIENCY. A conviction of bootlegging is
not sustained by proof that defendant was hired to make a certain
trip with his automobile, and did not know that the purpose was
to bring back liquor, or that there was liquor in the car until after
an accident and the taking of the car to a garage (FULLERTON, J.,
dissents).

Appeal from a judgment of the superior court for
Skagit county, Brawley, J., entered December 16, 1920,
upon a trial and conviction of bootlegging. Reversed.

*Thos. K. Chambers,* for appellant.

*W. L. Brickey* and *Sumner Hurd,* for respondent.

TOLMAN, J.—Appellant, T. E. Fishback, and one
John Soja were jointly informed against in the supe-
rior court for Skagit county, charged with the crime
of bootlegging. Upon the trial, both were convicted,
and Fishback has appealed.

The evidence upon which the state relied for con-
viction is, in substance, this: For some time prior to
June 15, 1920, Fishback and Soja were employees of
the Lake Riley Lumber Company, a concern doing
business at Hazel, in Snohomish county, Washington.
Fishback was the owner of a seven-passenger Chal-
mers touring car, which he used as occasion offered,
principally at week ends, in carrying for hire passen-
gers to and from the lumber company's camp. On the
date named, the lumber company closed down its work
temporarily, and some days thereafter Fishback and
Soja met on the streets of Everett, in Snohomish
county, and there mutually arranged to make a trip

[1]Reported in 210 Pac. 375.

together in Fishback's automobile to Huntington, British Columbia, a small town directly across the international boundary line from the town of Sumas, in Whatcom county. Upon starting, Soja placed in the car a dunnage bag and a suit case. They left Everett in the afternoon, arriving at Sumas at about 8 o'clock in the evening of the same day. The automobile was parked back of a hotel at Sumas, and they immediately went across the line to Huntington, where they visited a place or places of public entertainment, and drank beer. While they were so engaged, someone, not clearly identified by the record, at the solicitation of Soja, and apparently without appellant's knowledge, placed a quantity of intoxicating liquor in the car, part in the suit case, and some in a gunnysack or sacks, not theretofore, so far as shown, in the car. Fishback and Soja left Sumas on their return trip, with the liquor in the car, sometime between midnight and 2 o'clock in the morning, followed the usual route through Whatcom county, and entered Skagit county at an early hour in the morning. After entering Skagit county, and before reaching Burlington, two of the springs of the car gave way, and Fishback, being unable to make the necessary repairs, or continue the journey, took the car to a garage at Burlington, in Skagit county, for the purpose of having the repairs made, and while at the garage the liquor, some forty odd bottles, was discovered, and appellant and Soja were arrested, and their trial and conviction followed as stated.

The evidence offered on behalf of appellant tended to show that he was an innocent victim of circumstances; that he was hired by Soja to make the trip for the agreed sum of $20, plus the cost of gasoline used; that he was not informed, and did not know, that Soja had any purpose of bringing back liquor, and did

not discover the fact that there was liquor in the automobile until the accident to the car heretofore referred to, and was then advised only from the fact that, while he was attempting to make repairs to the car, Soja produced a bottle of liquor from the car and offered him a drink, and that the amount of liquor carried was not known to him until after the car had been taken to the garage.

Appellant makes but one assignment of error, namely, that there was no evidence offered from which the jury were warranted in finding that he carried liquor about with him for the purpose of unlawful sale. The facts of this case bring it strictly within the rule announced by this court in *State v. Hodges,* 121 Wash. 362, 209 Pac. 843, where the whole subject was examined and treated at length, after a hearing *En Banc.* Under the rule there announced, the verdict and judgment are contrary to the law and the evidence, and the motion for a new trial should have been granted.

The judgment appealed from is therefore reversed.

PARKER, C. J., and MITCHELL, J., concur.

BRIDGES, J. (concurring)—I concur, not because of the doctrine of the case of *State v. Hodges,* 121 Wash. 362, 209 Pac. 843, but because the testimony shows that appellant did not know he had intoxicating liquor in his possession or that he was carrying it about with him.

FULLERTON, J. (dissenting)—In my opinion, the evidence was sufficient to carry the case to the jury on all the issues necessary for the state to prove in order to procure a conviction. The verdict of the jury should, therefore, be conclusive on this court.