[No. 18039. Department One. December 6, 1923.]

The State of Washington, *Respondent,* v. William Rudolph, *Appellant.*[1]

INTOXICATING LIQUORS (30, 50)—UNLAWFUL POSSESSION—EVIDENCE —SUFFICIENCY. The evidence sustains a conviction of the unlawful possession of liquor with intent to sell, where it appears that the automobile in which accused was riding, was driven by another, who attempted to escape from the officers with a large quantity of liquor, which was in plain sight, and the accused fled from the wreck and was apprehended a few hours later, in flight and under the influence of liquor; since the statute presumes intent to sell from possession, where no explanation is given.

CRIMINAL LAW (391)—APPEAL—PRESERVATION OF GROUNDS—EXCEPTION TO INSTRUCTIONS. Error cannot be assigned in a criminal case on the refusal to give instructions, where no exceptions were taken.

INTOXICATING LIQUORS (52)—OFFENSES—UNLAWFUL POSSESSION— SENTENCE AND PUNISHMENT. A fine of $500 and a sentence of sixty days in the county jail is authorized by Rem. Comp. Stat., § 5933, upon conviction of the unlawful possession of liquor with intent to sell.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered December 8, 1922, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*Marion Garland,* for appellant.

*Ray R. Greenwood,* for respondent.

HOLCOMB, J.—Appellant was charged and convicted in the court below of one of the misdemeanors under the liquor laws (Laws of 1915, p. 3, ch. 2, § 4), of having, "In the county of Kitsap, state of Washington, on the 15th day of June, A. D. 1922, then and there wilfully and unlawfully have and keep in his possession, intoxicating liquor other than alcohol, to wit,

[1]Reported in 220 Pac. 815.

about one hundred seventy-five quarts of whiskey, with intent to sell the same, the said whiskey then and there being intoxicating liquor capable of being used as a beverage.''

Upon his conviction, after a trial by a jury, the court adjudged a fine of $500, and imposed a sentence of sixty days in the county jail.

Upon appeal three errors are alleged: first, insufficiency of the evidence to justify the verdict; second, refusal of the court to give requested instructions, and error in the instructions given; and third, that the sentence and fine are not authorized by statute.

As to the first claim of error, the record shows that appellant was discovered by the sheriff and his deputies, on the day alleged, in an automobile, with another person driving, and upon the driver being intercepted and ordered to stop, he speeded up the car and attempted to escape. They drove at a tremendous speed for about half a mile, with the sheriff and his deputies in pursuit. In turning a corner at a great rate of speed, the car ran into a telephone pole and lodged. As soon as the sheriff could stop his car, after having passed the other car a few feet, the occupants of the car were seen disappearing. They were not at that time apprehended. An inspection of the car showed that there were a number of sacks containing bottles of whiskey, and a number of sacks of beer in the car, and one of the bottles of whiskey, partly used, was lying on top of the sacks in plain sight. About three hours later, appellant was arrested while walking towards Bremerton. He was in a state of great exhaustion, and covered with dust and mud. He showed evidence of having had liquor. There were about 125 quarts of whiskey in the car.

Appellant claimed that he was not in the car, but was at Kitsap Lake. However, on the testimony of the

state's witnesses that he was the one in the car, the jury were justified in accepting their evidence and rejecting that of appellant, and finding against appellant.

It is claimed that there was no intent to sell shown, nor possession on the part of appellant.

The fact that appellant was in the car with another, although the other was driving the car in which the large quantity of whiskey was found, and that upon their attempted arrest by the sheriff they attempted flight, and after the car was wrecked he continued to attempt to flee, are circumstances to put appellant to the duty of explaining to the jury his connection with the liquor; and if his explanation fail and the jury do not believe him, the circumstances were sufficient to justify the finding of possession. This is true even though appellant had no interest in the automobile itself and that it belonged to another. Possession being satisfactorily shown, the statute presumes the intention to unlawfully dispose of or sell, unless such possession was satisfactorily explained as being lawful possession, which, in this case, was not even attempted. Instead thereof an alibi was attempted to be proven. The case does not, therefore, fall within the decisions cited by appellant. *State v. Hodges,* 121 Wash. 362, 209 Pac. 843; *State v. Fishback,* 122 Wash. 246, 210 Pac. 375. The evidence was therefore sufficient to warrant the jury in finding that appellant was in possession of the liquor with intent to sell.

The case was not a charge of bootlegging nor of being a jointist. Appellant complains that the court did not give a requested instruction to that effect. There is no exception to the giving or the refusal to give any instruction, so far as the record discloses. The second claim of error is therefore untenable.

The sentence and fine are such as may be imposed

under the statute. Laws of 1921, p. 398, ch. 122 [Rem. Comp. Stat., § 5933].

No error being discernible, the judgment and sentence are affirmed.

MAIN, C. J., TOLMAN, PARKER, and MACKINTOSH, JJ., concur.