## STATE v. JOHN WINSTON.

(Filed 21 September, 1927.)

**Intoxicating Liquor—Spirituous Liquor—Dwelling—Purchase—Transportation—Statutes—Criminal Law.**

> While section 10 of the Turlington Act (ch. 1, Public Laws of 1923), does not make it a criminal offense for one to have intoxicating liquor in his own dwelling for his own personal use or that of his family and friends, it is a violation of the criminal law, by the express provisions of 3 C. S., 3411(b), for him to either purchase it elsewhere or carry it there.

APPEAL by the State from a judgment in favor of the defendant, rendered on a special verdict by *Parker, J.,* at August Term, 1927, of HALIFAX.

Criminal prosecution, tried upon an indictment charging the defendant, first, with purchasing, and, second, with transporting spirituous liquor, contrary to the statute in such cases made and provided, etc.

It was shown on the trial, and the special verdict establishes, among other things, that on 4 August, 1927, the defendant purchased, for his own personal use, between a pint and a quart of intoxicating liquor in Halifax County, and transported the same a distance of about three miles to his home, there to be used exclusively for his own personal consumption.

Upon the facts found and disclosed by the jury, a special verdict of not guilty was rendered under appropriate instructions from the court. The State appeals, assigning error. C. S., 4649.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*No counsel for defendant.*

STACY, C. J. The special verdict seems to have been rendered on the theory that, as section 10 of the Turlington Act (ch. 1, Public Laws, 1923) sanctions or does not condemn the possession of liquor in one's private dwelling, occupied and used only as such, for the personal consumption of the owner, his family residing in such dwelling, and bona fide guests when entertained by him therein, the Legislature did not intend, in the same act, to make its purchase or transportation unlawful when such liquor is to be used solely for the purpose allowed by the statute.

Without debating the question at this late date, it is sufficient to say that the law is otherwise.

FERTILIZER CO. *v*. EASON.

If it appear illogical to permit the use of spirituous liquor for a given purpose, and then prohibit the means by which it may be acquired for that purpose, it should be remembered that the life of the law has been experience, not logic.

The defendant, on the present record, is guilty of both purchasing and transporting spirituous liquor in violation of the terms of the statute. 3 C. S., 3411(b).

Let the cause be remanded with direction that a verdict of guilty be entered on the special findings of the jury. *S. v. Moore,* 29 N. C., 228.

Reversed.