STATE v. J. P. STANSBURY.

(Filed 21 September, 1949.)

**1. Criminal Law § 17c—**

Plea of *nolo contendere* is tantamount to a plea of guilty for the purposes of the particular prosecution, and empowers the court to pronounce judgment against the accused for the crime charged in the indictment.

**2. False Pretense § 2: Criminal Law § 62a—**

A sentence upon a plea of *nolo contendere* in a prosecution for false pretense that defendant be confined in the State Prison for a period of not less than five nor more than six years, to be assigned to hard labor under the supervision of the State Highway and Public Works Commission, conforms to that authorized by G.S. 14-100 and is within constitutional limitations. N. C. Constitution, Art. XI, Sec. 1.

**3. Criminal Law § 62a—**

Sentence within the limits prescribed by valid statute cannot be held cruel or unusual in the constitutional sense. N. C. Constitution, Art. I, Sec. 14.

**4. Same—**

The court, in imposing sentence within the limits prescribed by statute for an offense against the laws of this State, does not abuse its discretion in failing to take into consideration sentence theretofore served by the defendant for a related offense against the laws of the United States, but on the present record it affirmatively appears that the court carefully heard and painstakingly considered all available information concerning the nature of the offense, the character and propensities of defendant and his past record, in fixing the kind and amount of his punishment.

APPEAL by defendant from *Sink, J.,* at the April Term, 1949, of STOKES.

The defendant was brought before the court upon a bill of indictment charging him with obtaining $15.90 in money from the prosecuting witness, M. R. Wall, by falsely pretending "that he, the said J. P. Stansbury, was John Mitchell and was representing the American Legion and was distributing and selling a book containing the photographs of all Stokes County Veterans of World War II," including that of a son of the prosecuting witness who had died while serving in the armed forces of the United States. When the case came on for trial, the defendant entered a plea of *nolo contendere,* which was accepted by the Solicitor by leave of the court. Before pronouncing sentence, the court heard evidence from both the prosecution and the defense with a view to determining what punishment should be meted out to the accused. Such testimony tended to show not only that the defendant had committed the crime charged in the indictment, but also that he had preyed during a substantial period

of time in a like criminal manner upon numerous other persons in North Carolina and elsewhere who had lost sons in the Second World War. Moreover, it appeared on the hearing that between the time of the commission of the specific offense named in the indictment and the trial in this case the defendant had committed a crime against the United States, to-wit, falsely impersonating an officer of the United States and in such pretended character obtaining money from another with intent to defraud such other contrary to the statute embodied in 18 U.S.C.A. 76, and had served 18 months in prison therefor under sentence of the United States District Court for the Eastern District of Tennessee. After hearing all of the testimony on both sides, the court ordered that the defendant "be confined in the State Prison at Raleigh, North Carolina, for a period of not less than 5, nor more than 6 years, to be assigned to hard labor as provided by law under the supervision of the State Highway and Public Works Commission." The defendant excepted to this judgment, and appealed.

*Attorney-General McMullan and John R. Jordan, Jr., Member of Staff, for the State.*

*Buford T. Henderson for the defendant, appellant.*

ERVIN, J. Appellant asserts that the sentence is invalid for these reasons: (1) That it inflicts a cruel or unusual punishment upon him contrary to Article I, Section 14, of the Constitution; and (2) that in pronouncing the judgment the court abused its discretion by "failing to take into consideration defendant's sentence in Federal Court for a similar offense."

The defendant's plea of *nolo contendere* constituted a formal declaration on his part that he would not contend with the Solicitor in respect to the charge, and was tantamount to a plea of guilty for the purposes of this particular criminal action. Consequently, the court acquired full power to pronounce judgment against the accused for the crime charged in the indictment, *i.e.,* the felony of obtaining property by false pretenses as defined by G.S. 14-100, when it permitted the State to accept the plea tendered by him. *S. v. Parker,* 220 N.C. 416, 17 S.E. 2d 475; *S. v. Burnett,* 174 N.C. 796, 93 S.E. 473, L.R.A. 1918A, 955.

The Legislature has expressly stipulated that any person obtaining property by false pretenses "shall be guilty of a felony, and shall be imprisoned in the State's Prison not less than four months nor more than ten years, or fined, in the discretion of the court." G.S. 14-100. In fixing the punishment for this crime, the lawmakers observed the relevant constitutional limitations. N. C. Const., Art. XI, Sec. 1. Furthermore, the punishment imposed upon the defendant by the judgment of the court

conforms in all respects to that authorized by the statute. Since the sentence in issue finds complete sanction in a valid legislative enactment, it cannot be deemed violative of Article I, Section 14, of the Constitution, forbidding the infliction of "cruel or unusual punishments." *S. v. Levy,* 220 N.C. 812, 18 S.E. 2d 355; *S. v. Brackett,* 218 N.C. 369, 11 S.E. 2d 146; *S. v. Daniels,* 197 N.C. 285, 148 S.E. 244; *S. v. Blake,* 157 N.C. 608, 72 S.E. 1080; *S. v. Manuel,* 20 N.C. 144.

This brings us to a consideration of the second ground urged by the defendant as a basis for invalidating the judgment. The controlling principle on this aspect of the case is thus stated in *S. v. Sudderth,* 184 N.C. 753, 114 S.E. 828, 27 A.L.R. 1180: "It is the accepted rule with us that within the limits of the sentence permitted by law, the character and extent of the punishment is committed to the sound discretion of the trial court, and may be reviewed by this Court only in case of manifest and gross abuse."

Appellant contends that the trial court abused its statutory discretion in pronouncing judgment against him by "failing to take into consideration defendant's sentence in the Federal Court for a similar offense."

This position is insupportable even if it be taken for granted that the court ignored this matter when it pronounced the judgment in controversy. When it passed sentence, the court imposed punishment upon the accused for a crime against North Carolina, *i.e.,* obtaining property by false pretenses, and its power to act in the premises within the discretionary limits established by the Legislature of the State was in no wise circumscribed by the fact that the defendant had been punished by the United States for an offense against it, *i.e.,* falsely impersonating an officer of the United States and in such pretended character obtaining money from another with intent to defraud such other. Besides, it is to be noted that nothing in the record indicates that the court ignored the punishment visited upon the defendant by the United States District Court for the Eastern District of Tennessee when it rendered the judgment in controversy. Indeed, the converse is true. The record affirmatively shows that the court carefully heard and painstakingly considered all available information concerning the nature of the offense with which the accused was charged, and his character, propensities, and past record in fixing the kind and amount of his punishment. In so doing, the court followed a time-honored practice. *S. v. Beavers,* 188 N.C. 595, 125 S.E. 258; *S. v. Woodlief,* 172 N.C. 885, 90 S.E. 137; *S. v. Wilson,* 121 N.C. 650, 28 S.E. 416.

The reasons given necessitate an affirmance of the judgment.

Affirmed.