### STATE v. LAWRENCE WELCH.

(Filed 10 May, 1950.)

**1. Intoxicating Liquor § 3—**

The term "intoxicating liquors," G.S. 18-1, includes the more restrictive term "alcoholic beverages," G.S. 18-60, and the terms are not synonymous.

**2. Intoxicating Liquor § 2—**

The Turlington Act is in full force in those counties which have not elected to come under the Alcoholic Beverage Control Act except to the extent which the former statute is modified by the later.

**3. Same—**

G.S. 18-2 prohibiting the transportation of intoxicating liquor has been modified by G.S. 18-49 and G.S. 18-58 so that it is not unlawful to transport through a county which has not elected to come under the provisions of

the Alcoholic Beverage Control Act, alcoholic beverages in actual course of delivery to any Alcoholic Beverage Control Board, or for a person to transport into such county not in excess of one gallon of alcoholic beverages lawfully purchased outside the State or from A.B.C. stores in counties of the State which have elected to come under the Alcoholic Beverage Control Act, provided the liquor is for personal use and the seals of the containers have not been broken.

**4. Same—**

The statutes relating to alcoholic liquors must be interpreted in the light of the common law principle that guilty knowledge is an essential element of crime, and therefore a person cannot be held guilty of illegally transporting intoxicating liquors if he has no knowledge of the nature of the goods transported.

**5. Intoxicating Liquor § 3—**

The word "transport" means to carry or convey from one place to another, and therefore a person transports intoxicating liquor if he carries it on his person or conveys it in a vehicle under his control or in any other manner, regardless of whether the liquor belongs to him or is in his custody.

**6. Intoxicating Liquor § 9d—**

Evidence which, considered in the light most favorable to the State, is sufficient to warrant findings that the automobile owned and driven by defendant in a county which had not elected to come under the Alcoholic Beverage Control Act contained, to defendant's knowledge, two gallons of alcoholic beverage, *is held* sufficient to overrule nonsuit in a prosecution for unlawful transportation, even though one of the gallons of liquor belonged to a passenger in the automobile, and both defendant and the passenger had purchased the liquor at an ABC store for personal consumption, and the seals of the containers had not been broken.

**7. Courts § 1—**

It is the province of the courts to declare the law, not to make it.

**8. Criminal Law § 62a—**

A punishment which is within the limits authorized by statute cannot be held cruel or unusual in the constitutional sense. Constitution of N. C., Art. I, sec. 14.

APPEAL by defendant from *Gwyn, J.,* and a jury, at the October Term, 1949, of UNION.

The defendant was charged with unlawfully transporting intoxicating liquor in a quantity in excess of one gallon contrary to the provisions of the Turlington Act as modified by the Alcoholic Beverage Control Act of 1937.

The testimony for the prosecution and that for the defense harmonized in respect to the particulars stated in this paragraph. Mecklenburg County operates county liquor stores under the Alcoholic Beverage Control Act of 1937; but Union County does not come under the provisions

of that statute.   On 17 September, 1949, the defendant and his wife, Geneva Welch, were traveling eastward in Union County along a public highway, which led from Charlotte in Mecklenburg County to Monroe in Union County, in a two-seated automobile owned by the defendant. He was driving the automobile, and his wife was sitting to his right on the front seat.   They were accosted and stopped by State highway patrolmen, who discovered two packages in the automobile, one of them being in the manual custody of the defendant's wife and the other resting on the floor between the front and rear seats.   The patrolmen opened the packages, and thereby ascertained that each of them held one gallon of tax-paid alcoholic beverages in various containers, whose caps or seals had not been opened or broken.

The State introduced additional circumstances tending to show that when the packages were first observed by the patrolmen, the defendant admitted that they contained "whiskey"; and that after they had been opened and their contents revealed, he conceded that "he had brought two gallons . . . to save expenses in driving back to Charlotte."

The defendant presented further testimony to the effect that he and his wife resided at different places in Monroe; that the package resting on the floor of the automobile belonged to him, and contained one gallon of tax-paid alcoholic beverages, which he had bought at a county liquor store in Charlotte for his personal consumption; that the package in his wife's manual custody was her property, and held one gallon of tax-paid alcoholic beverages, which she had purchased at a county liquor store in Charlotte for her own use; and that he had no knowledge whatever that his wife's package contained alcoholic beverages until it was opened by the patrolmen.

The jury found defendant "guilty of transporting intoxicating liquor as charged," and the court entered judgment on the verdict.   The defendant appealed, assigning as errors the refusal of the court to dismiss the action upon a compulsory nonsuit, certain excerpts from the charge, and the sentence pronounced.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Coble Funderburk for defendant, appellant.*

ERVIN, J.   The defendant puts his chief reliance on the appeal upon his claims that the trial court erred in refusing to dismiss the action upon a compulsory nonsuit, and in giving the jury certain instructions in which it directed the jury in specific detail to convict the defendant in case it found beyond a reasonable doubt from the testimony that the

defendant knowingly transported two gallons of alcoholic beverages, even though one gallon of such beverages may have belonged to his wife.

The solution of these problems is to be found in the statutes relating to the transportation of intoxicating liquors and alcoholic beverages. These terms are not synonymous; but the broader term "intoxicating liquors," as defined in G.S. 18-1, includes the more restricted term "alcoholic beverages," as delimited in G.S. 18-60.

Since Union County has not elected to establish county liquor stores, the Turlington Act of 1923 is in full force in Union County except to the extent of its modification by the Alcoholic Beverage Control Act of 1937. *S. v. Wilson,* 227 N.C. 43, 40 S.E. 2d 449.

Section 2 of the Turlington Act specifies that "no person shall . . . transport . . . any intoxicating liquor." G.S. 18-2. This provision of the Turlington Act has been modified by sections 14 and 22 of the Alcoholic Beverage Control Act of 1937, which are now codified respectively as G.S. 18-49 and G.S. 18-58.

G.S. 18-49 is as follows: "It shall not be unlawful for any person to transport a quantity of alcoholic beverages not in excess of one gallon from a county in North Carolina coming under the provisions of this article to or through another county in North Carolina not coming under the provisions of this article: Provided, said alcoholic beverages are not being transported for the purposes of sale, and provided further that the cap or seal on the container or containers of said alcoholic beverages has not been opened or broken. Nothing contained in this article shall be construed to prevent the transportation through any county not coming under the provisions of this article, of alcoholic beverages in actual course of delivery to any alcoholic beverage control board established in any county coming under the provisions of this article."

G.S. 18-58 provides that a person may bring into this State for his own personal use not more than one gallon of alcoholic beverage which he has purchased legally outside the State.

It is axiomatic at common law that a crime is not committed if the mind of the person doing the act is innocent. The statutes relating to the unlawful transportation of intoxicating liquor are to be construed in the light of this common law principle, and the existence of guilty knowledge on the part of the accused is to be regarded as essential to criminality, even though it is not required by the statutes in express terms. *S. v. McLean,* 121 N.C. 589, 28 S.E. 140, 42 L.R.A. 721. In consequence, a person transporting liquor is not criminally responsible for so doing under these statutes when he has no knowledge of the nature of the goods transported. *Parker v. Commonwealth,* 135 Va. 625, 115 S.E. 566; *State v. Fishback,* 122 Wash. 246, 210 P. 375.

A person violates section 2 of the Turlington Act, i.e., G.S. 18-2, as modified by sections 14 and 22 of the Alcoholic Beverage Control Act of 1937, i.e., G.S. 18-49 and G.S. 18-58, and is guilty of unlawfully transporting intoxicating liquor by reason thereof if he knowingly transports intoxicating liquor for any purpose other than those specified in the Alcoholic Beverage Control Act, or in a quantity in excess of one gallon, unless such liquor is in actual course of delivery to an alcoholic beverage control board established in a county coming under the provisions of the Alcoholic Beverage Control Act. S. v. Davis, 214 N.C. 787, 1 S.E. 2d 104.

The word "transport" means to carry or convey from one place to another. Alexander v. R. R., 144 N.C. 93, 56 S.E. 697; Cunard Steamship Co. v. Mellon, 262 U.S. 100, 43 S. Ct. 504, 67 L. Ed. 894. Hence, a person transports liquor when he carries or conveys it from one place to another on his person, or in some vehicle under his control, or in any other manner. Asher v. State, 194 Ind. 553, 142 N.E. 407, West v. State, 93 Tex. Cr. 370, 248 S.W. 371; 48 C.J.S., Intoxicating Liquors, section 234; Annotation: 65 A.L.R. 983. This is so even though the liquor belongs to the person who carries or conveys it, and is intended for his personal use. S. v. Winston, 194 N.C. 243, 139 S.E. 240. But it is not an essential element of the crime of unlawfully transporting intoxicating liquor that the accused own the liquor, Simpson v. State, 195 Ind. 633, 146 N.E. 747; or that he have any pecuniary interest in it, Szymanski v. State, 93 Tex. Cr. 631, 248 S.W. 380; or that he have the custody of it. Lomis v. U. S., 61 F. 2d 653; 48 C.J.S., Intoxicating Liquors, section 234. This being true, an automobile driver who knowingly carries in his automobile intoxicating liquor belonging to and in the custody of a passenger is guilty of transporting such liquor. Green v. Commonwealth, 195 Ky. 698, 243 S.W. 917; People v. Ninehouse, 227 Mich. 480, 198 N.W. 973; Maloney v. State, 119 Tex. Cr. 273, 45 S.W. 2d 216.

The task of applying these legal principles to this case must now be performed. When the evidence is considered in the light most favorable to the State, it is sufficient to warrant these findings by a jury: That an automobile, which the defendant owned and controlled, contained two gallons of alcoholic beverages; that the defendant knew that such quantity of alcoholic beverages was in his automobile; and that with such knowledge the defendant carried or conveyed such quantity of alcoholic beverages from one place to another in his automobile for some purpose other than that of delivering the same to an alcoholic beverage control board in a county coming under the provisions of the Alcoholic Beverage Control Act. This being the case, the testimony is ample to support the conviction of the defendant upon the charge preferred against him, i.e., unlawfully transporting intoxicating liquor in a quantity in excess of one gallon.

This conclusion is inescapable even though it be taken for granted that one of the two gallons of alcoholic beverages involved in this action was owned by the defendant's wife. Our decision in this respect conforms to the view expressed by the trial court in the instructions in which it directed the jury to convict the defendant in case it found beyond a reasonable doubt from the testimony that the defendant knowingly transported two gallons of alcoholic beverages, even though one gallon of such beverages may have belonged to his wife.

To prevent misunderstanding on that score, we note here that no special significance is to be attributed to the fact that the possible owner of one gallon of the alcoholic beverages was the defendant's wife rather than a third person. The trial court did not make the guilt of the defendant to turn in any degree upon any supposition that his wife was acting upon his coercion. We emulate its example, and ignore the presumption which provoked Mr. Bumble's exclamation: "If the law supposes that, the law is an ass."

The defendant insists primarily on this phase of the case that his carriage of the gallon of alcoholic beverages claimed by his wife did not constitute a transportation of such beverages by him within the purview of the relevant statutes, and that in consequence he did not transport in excess of one gallon of alcoholic beverages in a legal sense. We cannot accept this contention without giving to the statutory phraseology a distorted meaning at complete variance with the language used. This we are not permitted to do.

The defendant asserts secondarily on this aspect of the controversy that the statutes permit the driver of an automobile to carry or convey more than one gallon of alcoholic beverages in his automobile if he is accompanied by others, and if the maximum quantity of alcoholic beverages owned or possessed by any one occupant of the automobile does not exceed one gallon. We cannot put any such construction on the pertinent statutes without reading into them a purpose quite foreign to that expressed by the Legislature. This we cannot do. It is our province to declare the law, but not to make it.

When all is said, the statutes under review express in clear and unambiguous language the definite legislative intent to prohibit the transportation of more than one gallon of alcoholic beverages under any circumstances by any person other than one engaged in carrying or conveying such beverages to an alcoholic beverage control board in a county coming under the provisions of the Alcoholic Beverage Control Act.

It necessarily follows that the court rightly refused to nonsuit the action, and that its instructions to the jury were correct.

The punishment imposed upon the defendant by the judgment of the court is within the limits authorized by the statute. G.S. 18-29. This

being true, it does not offend Article I, Section 14, of the Constitution, forbidding the infliction of "cruel or unusual punishments." Moreover, the circumstances do not show that the court abused its statutory discretion in pronouncing the sentence. *S. v. Stansbury,* 230 N.C. 589, 95 S.E. 2d 185.

The trial and judgment will be upheld; for there is in law

No error.