## STATE v. PERRY WHALEY.

(Filed 3 March, 1965.)

**Criminal Law § 131; Constitutional Law § 36—**

Sentence within the statutory maximum cannot be considered cruel or unusual in the constitutional sense.

APPEAL by defendant from *Campbell, J.,* November, 1964 Session, CLEVELAND Superior Court.

This appeal challenges the resentences imposed on the defendant pursuant to the order of this Court entered on a former appeal reported in 262 N.C. 536, 138 S.E. 2d 138. Judge Campbell imposed these prison sentences: In No. 5632A, Count 1, ten years; and on Count 2, five years, to run concurrently. In No. 5632B, Count 1, ten years, to begin at the expiration of the ten years sentence imposed in 5632A; and on Count 2, five years, to run concurrently.

At the conclusion of the trial the court permitted defendant's counsel to resign; thereupon appointed his present attorney of record to prosecute this appeal.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*
*Joseph M. Wright for defendant appellant.*

PER CURIAM. The record discloses the following as the defendant's sole assignment of error:

"1. The Court's action in pronouncing judgment against the defendant in #5632A (Count One) and #5632B (Count One) for the reason that said sentences are cruel and unusual, excessive, harsh, and unreasonable punishment and in violation of defendant's rights under the law of North Carolina."

The sentence of five years imposed by Judge Campbell on the second count in each bill runs concurrently with the sentence on the first count. Hence the total term of imprisonment is 20 years. The statute permits a maximum of ten years on each of the four counts. The Court had discretionary power to make the sentences run concurrently or consecutively. The punishment imposed is within the limits authorized by statute. When punishment does not exceed the limits fixed by the statute, it cannot be considered cruel or unusual in a constitutional sense. *State v. Welch,* 232 N.C. 77, 59 S.E. 2d 199; *State v. Stansbury,* 230 N.C. 589, 55 S.E. 2d 185.

Affirmed.