STATE v. JOSEPH STUBBS.

(Filed 14 January, 1966.)

**1. Crime Against Nature § 2—**

The indictment in this case *held* sufficient to charge defendant with committing the crime against nature with another male. G.S. 14-177.

**2. Constitutional Law § 36—**

Punishment which does not exceed the limits fixed by statute cannot be cruel or unusual in the constitutional sense.

**3. Crime Against Nature § 1; Criminal Law § 1—**

The intent and purpose of G.S. 14-177, both prior and subsequent to the 1965 amendment, is to punish persons who commit perverted sexual acts which constitute offenses against public decency and morality, and the contention that homosexuality is a disease, and therefore not an offense to public decency and morality, is untenable.

**4. Criminal Law § 159—**

Assignments of error not brought forward and discussed in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by defendant Stubbs from *Huskins, J.,* 5 October 1964 Regular "A" Criminal Session of MECKLENBURG.

At this Session two indictments, one charging Joseph Stubbs on 1 August 1964 with committing the crime against nature with Lester Emmett Carter, a violation of G.S. 14-177, and the other charging Lester Emmett Carter on 1 August 1964 with committing the crime against nature with Joseph Stubbs, a violation of G.S. 14-177, were consolidated for trial.

Stubbs and Carter each pleaded not guilty. Verdict: "Joseph Stubbs and Lester Emmett Carter are guilty of crime against nature with the recommendation of medical help."

From a judgment of imprisonment of not less than seven years nor more than ten years, Stubbs appealed to the Supreme Court. The court recommended that defendant be given medical and psychiatric examination and afforded such treatment as such examination may indicate. There is nothing in the record before us to indicate the judgment against Carter or to show whether he appealed or not. By order of the trial court Stubbs was allowed to appeal *in forma pauperis.*

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

*A. A. Coutras for defendant appellant.*

PARKER, J. After the trial in the superior court the indictment against defendant Stubbs, upon which he was tried, convicted, and sentenced, was lost. On 10 June 1965 defendant Stubbs filed in this Court a petition for a writ of *certiorari* alleging, *inter alia,* that in preparing his statement of case on appeal no indictment against him could be found in the records of Mecklenburg County Superior Court, and he could not proceed with his appeal, and praying this Court to allow his writ in order that the entire record be reviewed. This Court in conference on 23 July 1965 allowed his petition for a writ of *certiorari.* On 10 September 1965 there was filed in the office of the clerk of this Court a case on appeal settled and agreed to by counsel for defendant Stubbs and the solicitor for the State. It is manifest from this record that counsel for the State and defendant Stubbs disagree as to the indictment upon which Stubbs was tried. All of the foregoing is set forth in detail in our decision in this case filed 13 October 1965 and reported in 265 N.C. 420, 144 S.E. 2d 262, which it would be supererogatory to repeat here, for it can be read in that opinion. This opinion concluded in the following language:

"This action is remanded to the Superior Court of Mecklenburg County in order that defendant Stubbs can make a motion before the trial judge, J. Frank Huskins, for an order determining and supplying a true copy of the true bill of indictment as returned by the grand jury, and on which he was tried, and that when such order is made by Judge Huskins that it be ordered to be certified to this Court with a copy of the true bill of indictment as returned by the grand jury, and on which

defendant Stubbs was tried, to the end that the order and copy of the indictment so certified can be attached to and become a part of the record on appeal in the instant case. Jurisdiction of this matter pertaining to the settlement of the case on appeal remains in the trial judge, J. Frank Huskins, even though he has resigned as superior court judge."

Pursuant to this opinion, defendant Stubbs made a motion in the Superior Court of Mecklenburg County on 24 November 1965 before the trial judge, J. Frank Huskins, for an order determining and supplying a true copy of the true bill of indictment as returned by the grand jury, upon which he was tried, convicted, and sentenced in this case. Counsel for the State and for the defendant were present, offered evidence, and made arguments. Judge Huskins entered an order finding the following facts: That at the 7 September 1964 Criminal Session of the Superior Court of Mecklenburg County the duly constituted grand jury for that county returned a true bill of indictment against the defendant Joseph Stubbs, charging that Joseph Stubbs on 1 August 1964 with force and arms at and in Mecklenburg County "did unlawfully, wilfully, maliciously, and feloniously commit the abominable and detestable crime against nature with mankind, to wit, the act of fellatio with Lester Emmett Carter, a male person over the age of 16 years." In the interest of decency we have omitted the indictment's description of the act of fellatio. That upon this indictment at the 5 October 1964 Regular "A" Criminal Session of Mecklenburg County Superior Court the defendant Stubbs was tried, convicted, and sentenced. Judge Huskins ordered that the case on appeal be corrected to speak the truth by inserting therein a true copy of the true indictment as returned by the grand jury and on which defendant Stubbs was tried, convicted, and sentenced, as above set forth, and that his order be certified to the Supreme Court with a copy of the true bill of indictment attached, to the end that his order and a copy of the indictment be attached to and become a part of the record on appeal in the instant case. This certification has been properly done under the signature and seal of the clerk of the Superior Court of Mecklenburg County and sent to this Court, where it has become a part of the record in this case.

The indictment upon which defendant Stubbs was tried, convicted, and sentenced as found by Judge Huskins sufficiently charges a violation of G.S. 14-177, Crime against Nature, and is a valid indictment. *S. v. O'Keefe,* 263 N.C. 53, 138 S.E. 2d 767; *S. v. Fenner,* 166 N.C. 247, 80 S.E. 970.

Carter testified in his own behalf; Stubbs did not. The State's evidence was amply sufficient to carry the case to the jury against

both Carter and Stubbs and to support the judgment against Stubbs, and also against Carter. It would serve no useful purpose to soil the pages of our Reports with its sordid details.

Defendant contends that his prison sentence of not less than seven years nor more than ten years constitutes "cruel and unusual punishment" within the prohibition of the Eighth Amendment to the Federal Constitution which applies to the states through the due process clause of the Fourteenth Amendment. This contention is not tenable. The sentence imposed by Judge Huskins is within the limits authorized by G.S. 14-177 in force at the time of the commission of the offense and at the time of the trial, and is also within the limits authorized by G.S. 14-177 as amended by the 1965 General Assembly. When punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense. S. v. Whaley, 263 N.C. 824, 140 S.E. 2d 305; S. v. Welch, 232 N.C. 77, 59 S.E. 2d 199; S. v. Stansbury, 230 N.C. 589, 55 S.E. 2d 185.

Defendant contends G.S. 14-177 prior to the 1965 amendment is unconstitutional on its face "because the act of a crime against nature does not serve and comply with the legislative intent and purpose of the statute." His argument in essence is that the legislative intent of this statute is to punish offenses against public morality and decency, and if homosexuality is an illness, it cannot in any way be offensive to public morality and decency, and it should naturally follow that if the intent of the statute is not served then the statute on its face is unconstitutional. Prior to the 1965 amendment to G.S. 14-177, the punishment by that statute was fixed at imprisonment in the State's prison for not less than five nor more than sixty years. The 1965 amendment provided that if any person shall commit the crime against nature with mankind or beast he shall be guilty of a felony, and shall be fined or imprisoned, in the discretion of the court. Defendant's contention is overruled. It is manifest that the legislative intent and purpose of G.S. 14-177 prior to the 1965 amendment and since is to punish persons who undertake by unnatural and indecent methods to gratify a perverted and depraved sexual instinct which is an offense against public decency and morality. In speaking of indictments for sodomy, the Court said in S. v. O'Keefe, supra: "According to Blackstone, the English law treated the offense in its indictments as unfit 'to be named among Christians.' IV Blackstone's Commentaries, p. 215. Our courts are no less sensitive than their English predecessors."

We have examined carefully the one assignment of error to the charge of the court in respect to intoxication. Reading the charge

of the court contextually it fairly presented the applicable law and is without error.

Assignments of error not brought forward and discussed in the brief are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783, 810.

We have carefully considered all defendant's assignments of error and the contentions made in his brief and no reason appears sufficient to disturb the verdict and judgment below. In the trial we find

No error.