STATE v. OLLIE MELVIN DAVIS.

(Filed 20 April, 1966.)

**1. Constitutional Law § 36—**

Punishment within the limits fixed by statute cannot be considered cruel and unusual in a constitutional sense.

**2. Forgery § 2—**

Contention that the punishment for the forgery of a check in a sum less than $200, G.S. 14-119, G.S. 14-120, by analogy to G.S. 14-72, should be limited to that for a misdemeanor, *held* untenable, since it is not so denominated in the statute.

**3. Larceny § 10—**

Plea of guilty to the larceny of a sum less than $200 does not support sentence of ten years' imprisonment, and the imposition of such sentence must be vacated. G.S. 14-72.

MOORE, J., not sitting.

APPEAL by defendant from *Bailey, J.,* 27 September 1965 Criminal Session of WAKE.

Criminal prosecution on four indictments as follows: (1) An indictment in case No. 11747 in two counts, the first count charging defendant on 15 May 1965 with the forgery of a check in the amount of $22, a violation of G.S. 14-119, and the second count charging defendant on the same date with uttering the same forged check alleged in the first count, a violation of G.S. 14-120; (2) an indictment in case No. 11748 in two counts, the first count charging defendant on 14 April 1965 with the forgery of a check in the amount of $50.13, a violation of G.S. 14-119, and the second count charging defendant on the same date with uttering the same check alleged in the first count, a violation of G.S. 14-120; (3) an indictment in case No. 11749 in two counts, the first count charging defendant on 15 April 1965 with the forgery of a check in the amount of $61.54, a violation of G.S. 14-119, and the second count charging the defendant on the same date with uttering the forged check alleged in the first count, a violation of G.S. 14-120; and (4) an indictment in case No. 11751 in three counts, the first count charging defendant on 15 May 1965 with feloniously breaking into and entering a dwelling house occupied by Edith Estelle Jones with intent to commit larceny, a violation of G.S. 14-54, and the second count charging defendant on the same date with the larceny of certain articles of personal property specified of the value of $129 of the goods and chattels of one................................, and the third count charging defendant on the same date with receiving certain designated personal property of the value of $129 of the goods, chattels, and moneys of

Edith Estelle Jones, well knowing at the time that the said goods, chattels, and moneys had been feloniously stolen, taken and carried away.

Defendant, who was an indigent and was represented by court-appointed counsel Richard O. Gamble, a member of the Wake County Bar Association, entered a plea of guilty as charged in the indictments in cases Nos. 11747, 11748, and 11749, and a plea of guilty to breaking, entering, and larceny as charged in the first and second counts in the indictment in case No. 11751. Defendant testified in his own behalf in substance as follows: He is now serving a sentence of 7 to 9 years on three counts of forgery imposed by the Superior Court of Durham County. As to the three forgeries in the instant case, he and his friends were drinking pretty heavily, and they wanted money from these forged checks to buy more whisky. He participated in cashing these checks, forgery, and everything. He got the money, and then he and his friends split it up. He has been convicted of other forgeries and false pretenses before, and one time of the larceny of an automobile and for this he was put in the Federal prison. About the breaking and entering the house of his sister-in-law, Estelle Jones, she owed him some money. He went to her and asked her for the money and she said she did not have it, and that she was not going to pay him if she did have it. So he broke into her apartment and took the radios and TV set. He traded them to a bootlegger for $30 and some liquor.

In case No. 11747, on the first count charging forgery, the trial judge ordered that defendant be imprisoned in the State's prison for a term of 10 years, this sentence to commence at the expiration of the 7 to 9 year sentence imposed in the Superior Court of Durham County on 5 October 1965 on the charge of forgery and uttering. On the second count in case No. 11747, and on both counts in case No. 11748, and on both counts in case No. 11749, and on the first two counts in case No. 11751, the trial judge ordered that on each one of these counts defendant be imprisoned in the State's prison for a term of 10 years, the sentence on each one of these counts to run concurrently with the sentence imposed on defendant on the first count in case No. 11747.

From the judgments, defendant appealed to the Supreme Court. Before the appeal was perfected, Richard O. Gamble was appointed substitute judge of the city court of Raleigh, North Carolina, and has taken the oaths of office. Consequently, the court allowed him to withdraw as counsel for defendant, and appointed Sheldon L. Fogel, a member of the Wake County Bar Association, to serve as counsel for defendant on the appeal to the Supreme Court.

*Attorney General T. W. Bruton and Staff Attorney Theodore C. Brown, Jr., for the State.*

*Sheldon L. Fogel for defendant appellant.*

PER CURIAM. Defendant has one assignment of error that the judgment of imprisonment of the court on each count of each bill of indictment was excessive, and violates the constitutional prohibition against cruel or unusual punishment. A violation of G.S. 14-119 is a felony, and the statute provides that the punishment shall be imprisonment for not less than four months nor more than ten years, or by a fine in the discretion of the court. A violation of G.S. 14-120 is a felony, and the statute provides that the person so offending shall be imprisoned for not less than four months nor more than ten years. A violation of G.S. 14-54 is a felony, and the statute provides for a violation thereof imprisonment for a term of not less than four months nor more than ten years. When punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense. *S. v. Stubbs,* 266 N.C. 295, 145 S.E. 2d 899; *S. v. Whaley,* 263 N.C. 824, 140 S.E. 2d 305; *S. v. Welch,* 232 N.C. 77, 59 S.E. 2d 199; *S. v. Stansbury,* 230 N.C. 589, 55 S.E. 2d 185.

Defendant further contends in his brief as follows: The sentences imposed on the forgery and uttering charges in the three indictments are excessive in view of the relatively small amounts of the checks involved. The General Statutes of North Carolina divide the crime of larceny into two degrees, one a misdemeanor, where the larceny or receiving of stolen goods is of a value of less than $200, and that in the case of forgery or uttering an analogy should be drawn; and that, in view of G.S. 14-72 dividing larceny into two degrees, punishment for forgery of a sum less than $200 should likewise be considered as a misdemeanor. This contention is untenable, for the very simple reason that the Court has no power to amend an Act of the General Assembly.

The second count in case No. 11751, to which defendant pleaded guilty, charges simply the larceny of certain designated personal property of the value of $129 and does not specify the name of the owner. The plea of guilty to this count was a plea of guilty to a misdemeanor. *S. v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91. Imprisonment on this larceny count for ten years is excessive and not authorized by G.S. 14-72. The sentence on the larceny count is reversed and vacated.

The trial judge ordered that Wake County, pursuant to the provisions of G.S. 15-4.1, pay the costs of providing for the defendant's

counsel a trial transcript, and that the County pay the costs of mimeographing the case on appeal and defendant's brief.

Affirmed as to all the judgments, except the judgment on the larceny count which is reversed and vacated.

MOORE, J., not sitting.