STATE v. ROBERT CARTER.

(Filed 22 March, 1967.)

APPEAL by defendant from *Cohoon, J.,* 22 August 1966 Regular Criminal Session of NASH.

Defendant was tried upon bill of indictment charging felonious breaking and entering, and larceny, and a separate bill of indictment charging larceny of an automobile. After examination, the trial court found defendant to be an indigent and appointed counsel to represent him. At the trial the defendant through his counsel tendered plea of *nolo contendere* as charged in the bills of indictment of felonious breaking and entering, and larceny, and also larceny of an automobile of the value of $395. Defendant in open court, under oath, made the following answers to questions propounded by the court:

(1)　Are you able to hear and understand my statements and questions?

Answer: Yes.

(2)　Are you now under the influence of any alcohol, drugs, narcotics or other pills?

Answer:  No.

(3)  Do you understand what you are charged with in this case?

Answer:  Yes.

(4)  Do you understand that upon your plea of *Nolo Contendere* you would be imprisoned for as much as 10 years, each for B. E. & L. total 20 years; 10 years for L. of Auto, total of 30 years?

Answer:  Yes.

(5)  Has the Solicitor, or your lawyer, or any policeman, law officer or anyone else made any promise to you to influence you to plead *Nolo Contendere* in this case?

Answer:  No.

(6)  Has the Solicitor, or your lawyer, or any policeman, law officer or anyone else made any threat to you to influence you to plead *Nolo Contendere?*

Answer:  No.

(7)  Have you had time to confer and have you conferred with your lawyer about this case, and to subpœna witnesses desired by you?

Answer:  Yes.

(8)  Do you authorize and instruct your lawyer to enter a plea of *Nolo Contendere?*

Answer:  Yes.

(9)  How do you plead *Nolo Contendere* to the charge, guilty or not guilty?

Answer:  Yes.

(10)  Are you satisfied with the services of your attorney as rendered in your behalf?

Answer:  Yes.

(11)  Have these questions been read to and explained to you?

Answer:  Yes.

(12)  Are you in fact guilty?

Answer:  Yes.

Whereupon, the court found that the defendant freely, understandingly and voluntarily made and entered his plea of *nolo contendere.*

The court imposed sentence of 47 months in State's Prison on the count of breaking and entering, 47 months in State's Prison on the count of larceny, to run concurrently with the sentence imposed for breaking and entering, and 47 months on the charge of larceny of an automobile, to run concurrently with the sentences imposed in the breaking and entering and larceny counts.

Plaintiff appealed from judgment entered. The trial judge entered an order continuing defendant's trial attorney as counsel to prepare appeal to the Supreme Court and ordered the County of Nash to furnish transcript and other records necessary to perfect the appeal.

*Attorney General Bruton and Staff Attorney Theodore C. Brown, Jr., for the State.*
*T. A. Burgess for defendant.*

PER CURIAM. Defendant's sole assignment of error is that the court erred in pronouncing an excessive, cruel and unreasonable punishment and the record proper does not support the judgment as set out.

Defendant's plea of *nolo contendere* to the three felony counts permitted the judge to impose sentences totaling 30 years. G.S. 14-2, G.S. 14-54, G.S. 14-70 and G.S. 14-72; *State v. Cooper*, 256 N.C. 372, 124 S.E. 2d 91. "When punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense." *State v. Davis*, 267 N.C. 126, 147 S.E. 2d 570. The sentences imposed were well within the statutory limits.

The record reveals that defendant was aware of the sentences that could be imposed before his plea of guilty was entered.

We have also carefully reviewed the record proper, and can find no reversible error on the face of the record.

No error.