STATE v. SAMUEL MONROE WILSON ALIAS COY SCARBORO.

(Filed 3 May, 1967.)

APPEAL by defendant from *McLaughlin, J.,* 28 November 1966 Criminal Session of STANLY.

At the November-December 1966 Criminal Session of Stanly County Superior Court the Grand Jury returned a true bill in case No. 1713, charging the defendant, Samuel Monroe Wilson, alias Coy Scarboro, along with Robert M. Greer and Frank Wallace, in a three-count bill of indictment with the (1) felonious breaking and entering of a building occupied by one John Cranford, d/b/a Richfield Farm Supply, (2) larceny therefrom of personal property of the value of more than $200, and (3) receiving said personal property knowing the same to have been feloniously stolen.

At the same term, a true bill was returned in case No. 1714, charging Samuel Monroe Wilson with the felonious breaking and entering, larceny of property of the value of more than $200, and

with receiving personal property knowing the same to have been stolen, from a building occupied by Herbert Franklin Eudy and Albert J. Eudy. The State took a nol pros with leave in case No. 1714.

Upon a finding of indigency, the court appointed counsel to represent defendant. Defendant, through his counsel, entered a plea of guilty on the count of felonious breaking and entering of Richfield Farm Supply building and on the count of larceny therefrom of personal property of a value of more than $200. Upon entry of the pleas, the court examined defendant concerning his pleas, and the court examination disclosed, among other things, that defendant voluntarily and freely authorized his attorney to enter the pleas, that he was satisfied with his attorney, and, realizing the court could impose a sentence of 20 years, he still of his own free will assented to the entry of the pleas.

Jack B. Richardson, Special Agent of the State Bureau of Investigation, testified, *inter alia,* that Richfield Farm Supply had been broken into by prying open a rear window. He further testified as to the items taken from the building, and that when defendant was arrested he had a watch in his possession which had been taken from the building.

Defendant testified and admitted that he broke into Richfield Farm Supply, but denied being guilty of other charges referred to during the trial. He also testified as to his past criminal record.

The court entered judgment sentencing defendant to ten years on the charge of breaking and entering, and to ten years on the charge of larceny, the sentence in the larceny count to run consecutively and not concurrently with the judgment pronounced in the breaking and entering count. Defendant appealed.

*Attorney General Bruton and Asst. Attorney General Millard R. Rich, Jr., for the State.*

*Charles P. Brown for defendant.*

PER CURIAM. The two questions presented for review are:

1. Was the sentence of ten years imposed in this case upon the defendant's plea of guilty to breaking and entering "cruel and unusual punishment" within the prohibition of the Eighth Amendment to the Federal Constitution?

2. Was the sentence of ten years imposed in this case upon the defendant's plea of guilty to larceny of property of a value of more than two hundred dollars, to run consecutive to the

sentence in the breaking and entering case, "cruel and unusual punishment" within the prohibition of the Eighth Amendment to the Federal Constitution?

The sentences imposed by the court do not exceed the statutory maximum. G.S. 14-2, G.S. 14-54, G.S. 14-70 and G.S. 14-72; *State v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91. "When punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense." *State v. Davis,* 267 N.C. 126, 147 S.E. 2d 570; *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216; *State v. Daniels,* 197 N.C. 285, 148 S.E. 244.

Defendant was represented by court-appointed counsel and aware of the sentences that could be imposed on him upon his pleas of guilty. He intelligently, understandingly and intentionally pleaded guilty as charged to two counts of the bill of indictment.

We find no violations of defendant's constitutional rights and no error appears on the face of the record proper.

No error.