STATE OF NORTH CAROLINA v. JOHN WILLIAM REED

No. 6918SC117

(Filed 26 February 1969)

1. **Burglary and Unlawful Breakings § 8— felonious breaking — punishment**

     The maximum punishment for the felony of breaking and entering is ten years imprisonment. G.S. 14-54.

2. **Larceny § 10— felonious larceny — punishment**

     The maximum punishment is ten years imprisonment for the felony of larceny of property from a building referred to in G.S. 14-72 by breaking or entering therein with intent to steal.

3. **Constitutional Law § 36— cruel and unusual punishment**

     Punishment within the statutory maximum is not cruel and unusual in the constitutional sense.

APPEAL by defendant from *Bowman, S.J.,* 28 October 1968 Criminal Session of Superior Court of GUILFORD County, High Point Division.

Defendant was charged in the first two counts in a bill of indictment with the felonies of breaking and entering in violation of G.S. 14-54 and larceny by such breaking and entering, and in a third count with the misdemeanor of receiving stolen goods knowing them to have been stolen.

Defendant, an indigent, was represented by court-appointed counsel. Defendant, in writing, authorized his counsel to enter a plea of guilty to the charges of breaking and entering and larceny. The trial court, after making inquiry of the defendant in open court, found as a fact that the plea of guilty was freely, understandingly and voluntarily made by him. A *nol pros* was taken as to the count of receiving stolen goods knowing them to have been stolen. The charges to which the defendant pleaded guilty were consolidated for

the purpose of punishment. From a judgment imposing a prison sentence of not less than seven nor more than ten years, the defendant appealed. Counsel was appointed by the court to represent the defendant on the appeal.

*Attorney General Robert Morgan and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Arthur M. Utley, Jr., for the defendant appellant.*

MALLARD, C.J.

Counsel for defendant concedes in his brief that he has found no error in the proceedings in the trial court.

[1, 2] We have carefully examined the record and find no prejudicial error therein. The maximum punishment for the felony of breaking and entering is ten years imprisonment. G.S. 14-54. The maximum punishment is also ten years imprisonment for the felony of larceny of property from a building referred to in G.S. 14-72 by breaking or entering therein with intent to steal. *State v. Greer,* 270 N.C. 143, 153 S.E. 2d 849; *State v. Morgan,* 265 N.C. 597, 144 S.E. 2d 633; *State v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91. The sentence imposed in this case does not exceed the statutory maximum.

[3] The defendant freely, understandingly and voluntarily entered a plea of guilty as charged to the first two counts in the bill of indictment. The plea was made without undue influence, compulsion or duress, and without promise of leniency, after the defendant had been advised that upon such pleas of guilty he could be imprisoned for as much as twenty years. The law is succinctly stated in *State v. Wilson,* 270 N.C. 299, 154 S.E. 2d 102, as follows:

"The sentences imposed by the court do not exceed the statutory maximum. G.S. 14-2, G.S. 14-54, G.S. 14-70 and G.S. 14-72; *State v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91. 'When punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense.' *State v. Davis,* 267 N.C. 126, 147 S.E. 2d 570; *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216; *State v. Daniels,* 197 N.C. 285, 148 S.E. 244."

In the trial we find

No error.

BRITT and PARKER, JJ., concur.