STATE OF NORTH CAROLINA v. CLIFFORD JOHNSON

No. 6918SC547

(Filed 17 December 1969)

**1. Criminal Law § 23— guilty plea — appellate review**

Defendant's plea of guilty will not be disturbed on appeal when the record shows that said plea was entered freely, understandingly and voluntarily.

**2. Criminal Law § 23— guilty plea — voluntariness — necessity for findings of fact**

Failure of the trial court to find as a fact and adjudicate that defendant's plea of guilty was made freely, understandingly and voluntarily is not prejudicial error where the court's questioning of defendant under oath and an affidavit executed by defendant show the plea was so entered, although the better practice would be for the trial court to make such an adjudication.

**3. Constitutional Law § 36— cruel and unusual punishment**

Punishment which does not exceed the statutory limits cannot be considered cruel and unusual punishment in the constitutional sense.

On certiorari from *May, S.J.*, 10 March 1969 Session of GUILFORD Superior Court.

The defendant was tried on 10 March 1969 on separate bills of indictment charging him with auto larceny, safecracking, breaking and entering and larceny. The defendant, through his court-appointed attorney, in open court entered a plea of guilty to all charges.

The court, after hearing evidence, entered judgment that the defendant be imprisoned for a term of ten years for auto larceny, twenty-five years for safecracking and ten years for breaking and entering and larceny to run concurrently.

To this judgment the defendant excepted and gave notice of appeal.

*Robert Morgan, Attorney General, and Claude W. Harris, Trial Attorney, for the State.*

*Bencini, Wyatt, Early & Harris, by A. Doyle Early, Jr., for the defendant appellant.*

HEDRICK, J.

In his brief appellant discusses two assignments of error: (1) That the defendant's plea of guilty to the charges in the bills of indictment was not entered freely, understandingly and voluntarily, and (2) that the sentences imposed were cruel, unjust and excessive. Defendant's counsel concedes that these assignments of error are without merit.

[1, 2] The record contains an affidavit executed by the defendant setting out, among other things, that he understood the charges against him, that he did in fact plead guilty to the charges, that he understood he had a right to plead not guilty and be tried by a jury, that he understood that upon his plea of guilty he could be imprisoned for as much as life, that he was satisfied with the services of his attorney, and that he freely, understandingly and voluntarily authorized and instructed his lawyer to enter on his behalf a plea of guilty. The record further shows that the trial judge, while the defendant was under oath, asked the defendant essentially the same questions as were contained in the affidavit, and that the defendant's answers are in the record to the effect that he understood the charges against him, that he understood he had a right to plead not guilty and be tried by a jury, that he did in fact plead guilty, that he understood that upon his plea of guilty he could be imprisoned for as much as life, that no one had offered any promise to him to induce him to plead guilty, and that he freely, understandingly and voluntarily authorized and instructed his lawyer to enter a plea of guilty on his behalf. The defendant's plea of guilty will not be disturbed on appeal when the record shows that said plea was entered freely, understandingly and voluntarily. *State v. Reed,* 4 N.C. App. 109, 165 S.E. 2d 674 (1969). We note that the trial judge failed to find as a fact and adjudicate that the defendant's plea of guilty was made freely, understandingly and voluntarily. The better practice would be for the trial judge to make such an adjudication; however, the failure to do so in the instant case was not prejudicial error.

[3] The maximum punishment for the felony of breaking and entering is ten years imprisonment. G.S. 14-54. The maximum punishment for the felony of safecracking is life imprisonment. G.S. 14-89.1. The maximum punishment for the felony of larceny is ten years. G.S. 14-70. Punishment which does not exceed the statutory limits cannot be considered cruel and unusual punishment in a constitutional sense. *State v. Davis,* 267 N.C. 126, 147 S.E. 2d 570 (1966); *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216 (1966); *State v. Reed, supra.*

We hold that the defendant was properly sentenced and that the sentences imposed were within the statutory limits and violated no provision of the Federal or State Constitutions.

We have carefully examined the entire record on appeal and find

No error.

MALLARD, C.J., and MORRIS, J., concur.