STATE OF NORTH CAROLINA v. JOHN QUINTON POWELL

No. 7125SC248

(Filed 28 April 1971)

1. Criminal Law § 23— validity of guilty plea — effect of defendant's intoxication

The fact that defendant was intoxicated at the time he entered a guilty plea was not prejudicial error under the facts of this case, the trial judge having examined defendant painstakingly and found him competent to plead.

2. Criminal Law § 134— commitment for pre-sentence diagnostic study — subsequent judgment of imprisonment

The commitment of defendant to the Department of Correction for pre-sentence diagnostic study is authorized by statute and does not preclude the court from thereafter entering a judgment of imprisonment. G.S. 148-12.

3. Criminal Law § 138— sentence of imprisonment — credit for time spent in diagnostic center

Court of Appeals vacates a judgment of imprisonment which did not give defendant credit for time spent in a pre-sentence diagnostic center. G.S. 148-12(b).

APPEAL by defendant from *Beal, Special Judge,* 7 December 1970 Session, CALDWELL Superior Court.

Defendant was charged in an indictment, proper in form, with felonious breaking or entering and felonious larceny of property of a value in excess of $200 from the Central Lumber Yard Building of Bernhardt Furniture Company in Lenoir, North Carolina.

Defendant appeared in open court on 25 August 1970 before Judge McLean, in company with his brother, charged as an accomplice in the alleged offenses. After being fully informed by the Court of the nature of the proceeding and the charges, the maximum punishment, his right to plead not guilty and have a trial by jury, his right to the appointment of counsel by the court, his right to have witnesses subpoenaed, and the conse-

quences of a plea of guilty, the defendant executed, in writing, a waiver of counsel and a plea of guilty as charged in both counts of the bill of indictment.

During the examination of the defendant by the court, it developed that the defendant was then under the influence of alcohol, and was of "low mentality." Nevertheless, he indicated to the court that he fully understood the matters which had been explained to him, as set forth hereinabove. After hearing the State's evidence, the court continued prayer for judgment and ordered that the defendant be committed to the custody of the Department of Correction for pre-sentence diagnostic study. The defendant appeared before Judge Beal on 11 December 1970, at which time judgment of imprisonment in the State Prison for a term of not less than one nor more than three years was entered. Defendant gave notice of appeal in open court, and is represented on appeal by counsel appointed by the court.

*Attorney General Morgan by Assistant Attorney General Weathers for the State.*

*Townsend & Todd by Neil D. Beach for defendant-appellant.*

BROCK, Judge.

[1] Defendant assigns as error the court's acceptance of his plea of guilty, the defendant having informed the court that he was under the influence of alcohol. The record shows that the trial judge, who had the opportunity to observe the defendant closely, examined him painstakingly and found him competent to plead to the indictment. In a proper case, it might be more appropriate to postpone the arraignment of an intoxicated defendant, and possibly to adjudge him in contempt of court. However, upon the facts of this case, we cannot hold that to accept a plea of guilty from such a defendant is error as a matter of law, or abuse of discretion.

Defendant assigns as error that the court failed to find as a fact that the plea of guilty was knowingly and voluntarily made. If the facts of this case require such an express finding, but cf. *State v. Johnson,* 7 N.C. App. 53, 171 S.E. 2d 106, the record plainly shows that such a finding was in fact made. This assignment of error is overruled.

[2] Defendant assigns as error that the court entered judgment of imprisonment on 11 December 1970 ". . . when in fact judg-

ment was entered on August 26, 1970 when the defendant was ordered 'committed to the custody of the Commissioner of the Department of Corrections for a diagnostic study of the defendant for a period of sixty days with the right and privilege of the department to hold the defendant for an additional thirty days should the need arise and that the court be advised of the recommendations of the diagnostic center prior to the judgment of the case.' " The prior order, defendant contends, ". . . would seem to preclude the State from entering a second judgment against the defendant." G.S. 148-12 provides for the procedure followed in this case. This assignment of error is without merit and is overruled.

[3] The judgment fails to provide that defendant shall receive credit against his sentence for time spent in the diagnostic center, as required by G.S. 148-12(b). Therefore the judgment must be vacated and the case remanded for entry of judgment so providing.

Judgment vacated and case remanded.

Judges MORRIS and HEDRICK concur.